Carolyn Sue Smith, a Minor, by Her Father and Next Friend, Manuel Smith, Plaintiff-Appellee, v. Springman Lumber Company, a Corporation, Defendant-Appellant.

Gen. No. 63–F–3.

Fourth District.

May 28, 1963.

Griffith & Hoefert, of Alton, for appellant.

403

Wiseman & Hallett, of Alton (Frank M. Rain, of East St. Louis, of counsel), for appellee.

HOFFMAN, JUSTICE.

This is an appeal from a judgment based upon a jury's verdict in favor of a minor plaintiff who was injured while at play upon defendant's premises.

The minor plaintiff, a child 7½ years old, lived with her family in a three apartment dwelling owned by the defendant. A fuel oil tank which was no longer in use was located next to a tree in the side yard of the premises and about 15 feet from the apartment building. The tank rested on concrete blocks, was rounded on top and was old and rusty. It was agreed between the parties that there was no physical defect in the tank itself. Children living in the apartment house played around the tank, climbed upon it, climbed from it into the adjoining tree where they swung from branches and the defendant knew of this. The mother of the minor plaintiff and other tenants from time to time had requested the defendant to remove the tank.

On the day in question the minor plaintiff climbed upon the tank and while standing on the tank or attempting to climb into the tree, slipped and fell to the ground causing the injury for which this suit was brought.

The defendant's position is essentially based upon two points: (1) that there is no evidence that a dangerous agency existed upon defendant's premises, and (2) that common instrumentalities in common use are not in themselves dangerous objects.

 The rule enunciated by our Supreme Court in the landmark case of Kahn v. James Burton Company, 5 Ill2d 614, 126 NE2d 836, is always the guiding star for decision in such a case as we now have before this court.

In the Kahn case a child was injured while playing upon a lumber pile upon a neighboring lot. A new home was being constructed upon the lot by the defendant construction company, and the lumber upon which the plaintiff was hurt had been delivered and piled upon said lot by the defendant lumber company. Both defendants' liability was upheld by the Supreme Court. The lumber company contended that it owed no duty to anyone other than the owners and the contractor and that since it was not in possession or control of the premises it could not be held liable for the injuries to plaintiff. The court said, however, "The position cannot be sustained. In so far as the lumber company is concerned plaintiff was not a trespasser; and if it should have reasonably anticipated that children might come upon the premises and be injured, the fact that it did not own or control the premises cannot relieve it from liability for the consequences of its negligence." (Page 620 of 5 Ill2d, page 839 of 126 NE2d.) The court then went on to point out:

> "The creator of certain conditions dangerous and hazardous to children because of their immature appreciation of such dangers and hazards must be held to a certain standard of conduct for the protection of such children in accordance with the attendant circumstances and conditions. Account must be taken of the cost and burden of taking precautionary measures and of the right of families and society to rear and develop children with freedom of activity in their communities, without being subject to unreasonable risks which might cause serious injury or death to such children. All men are presumed to know those things which are matters of common knowledge, and must be held in the absence of actual knowledge or notice, to have reasonably anticipated such oc-

405

currences as in the ordinary nature of things reasonable men should know will probably occur. Every person owes to all others a duty to exercise ordinary care to guard against injury which may naturally flow as a reasonably probable and foreseeable consequence of his act, and the law is presumed to furnish a remedy for the redress of every wrong. The duty to exercise ordinary care to avoid injury to another does not depend upon contract, privity of interest, or the proximity of relationship, but extends to remote and unknown persons. (Citation) The test in the case at bar is whether the lumber company in the exercise of ordinary care could reasonably have anticipated the likelihood that children would climb onto the lumber and would be injured if it were not securely piled." (Pages 622, 623 of 5 Ill2d, page 840 of 126 NE2d.)

Turning to the facts of the case before us, we point out that the evidence is undisputed that the tank upon which the young plaintiff in this case had climbed was old and rusty and stood next to a tree in the open yard near the building in which the child lived. Children in addition to the plaintiff played around the tank, climbed upon it, climbed into the tree from it and swung from the branches of the tree. There is no question but what defendant knew of this and even further, had been warned by plaintiff's mother and other tenants that the children might be hurt. Obviously, the tank, which was no longer in use, could have been removed at small cost.

It was agreed by both sides that the tank itself was not defective. And, from this, the defendant strenuously argues that "common instrumentalities in common use are not themselves dangerous objects," and points out that no case in Illinois has extended the doctrine of "attractive nuisance" to fuel oil tanks

406

or similar storage tanks. Defendant's approach, founded upon citations antedating Kahn, is not the criterion for the application of Kahn. Nowhere in Kahn is there any authority for basing a defense upon the fact that injury followed from the use of a "common instrumentality" which was not defective. Rather, the proper yardstick with which to measure this case against Kahn is whether or not the tank and tree *together,* because of defendant's knowledge of the children's playing upon them, created a "dangerous agency" which was likely to cause injury to the children. As emphasized in Kahn, the true basis of liability is "the foreseeability of harm to the child." Under Kahn, these "were matters for the determination of the jury."

█ In view of the defendant's knowledge of the children's playing on the tank, the probability of their injury, their tender years, their incapability of appreciating the risk involved, and the small cost to remedy the danger, we think the jury verdict was justified. We remind, in the words of Kahn, "in the trial of a lawsuit, questions of one's due care, another party's alleged negligence and the proximate cause of such injured party's injuries and damages are preeminently questions of fact for a jury's determination. Under our system of jurisprudence, jury determinations can be set aside only when a court of review, or a trial court upon proper motion, is clearly satisfied that they were occasioned by passion or prejudice or found to be wholly unwarranted from the manifest weight of the evidence." (Page 623 of 5 Ill2d, page 841 of 126 NE2d.)

█ The defendant, in this appeal also argues that the minor plaintiff was barred from recovery because of her contributory negligence and complained of the giving of 2 of plaintiff's instructions. We have carefully examined these assignments of errors but do

not believe that they justify any corrective action by this court.

We must, therefore, conclude that the judgment of the City Court of Alton was proper and should be affirmed.

Affirmed.

SCHEINEMAN, PJ and CULBERTSON, J, concur.