DENNIS J. NOVAK, a Minor, by Linda Novak, his Mother and Next Friend, Plaintiff-Appellant, *v.* C. M. S. BUILDERS & DEVELOPERS, Defendant-Appellee.

First District (2nd Division)  No. 79-1644

Opinion filed April 29, 1980.—Rehearing denied May 29, 1980.

Walter M. Ketchum, Ltd., and John C. Griffin, both of Chicago, for appellant.

Victor J. Piekarski, of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

This appeal proceeds from an order striking plaintiff child trespasser's complaint and dismissing his damage action for injuries he received while playing on defendant's construction site. The issue presented for review is whether the complaint and action are predicated solely upon the "attractiveness" of the construction site or are also based

upon an articulated or inferable condition on the land which was dangerous to children who frequented the site but were unable to appreciate the risks imminent to the area. For the reasons set forth below, we reverse and remand.

Plaintiff's complaint, insofar as it concerns the issue on appeal, included the following allegations: in November of 1976, he was 10 years old; defendant was then constructing a home in Tinley Park, developing an excavation, mounds of dirt, and a concrete foundation readily visible upon immediately adjacent properties and public ways to children, who were attracted to the site and had been playing around the dangerous condition caused by the excavation, mounds of dirt and foundation; defendant knew or should have known that children were allured onto the premises; defendant was negligent in having failed to fence and barricade the aforesaid instrumentalities, or warn children of their attendant dangers, or guard the premises by preventing children from reaching them; on November 2, 1976, plaintiff was attracted onto the premises and while playing thereon, in the exercise of due care, was caused forcefully to fall to the bottom of the excavation as a direct and proximate result of defendant's negligent acts or omissions, resulting in $25,000 in personal injuries.

Defendant's motion to strike the complaint and dismiss plaintiff's suit asserted that the complaint failed to state a cause of action because there were no allegations which indicated a defective structure or dangerous agency likely to cause injury to a child incapable of appreciating the involved risks, specifically arguing that the danger of falling is alone insufficient to establish liability. This motion was denied, but defendant's subsequent motion for a bill of particulars was allowed in which defendant submitted 12 questions, eight of which requested factual allegations as to the manner in which the excavation, mounds of dirt, concrete foundations, or combination of the three instrumentalities were either defective or dangerous. Plaintiff responded to four of these questions by asserting that he did not allege the existence of any *defective* condition; in response to the four questions directed at the existence of a *dangerous* condition, plaintiff alleged that the instrumentalities individually or in combination were inherently dangerous because of their attractiveness to children, or were dangerous because a child could slip, fall or slide upon or around said conditions. Defendant again filed a motion to strike and dismiss the complaint, repeating the same arguments made initially. This motion was granted, from which order plaintiff appeals.

Plaintiff asserts on appeal that the complaint and bill of particulars states a cause of action under *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836. It was in *Kahn* that the supreme court first undertook

a comprehensive reexamination of the issues presented in what until then were labeled "turntable" or "attractive nuisance" cases. More recently, in *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177, relied upon by defendant, the supreme court distilled the essence of changes resulting from *Kahn*, stating (73 Ill. 2d 316, 325-26):

> "The import of the [*Kahn*] decision was that it rejected the implication in the 'attractive nuisance' doctrine that the dangerous condition had to lure children into trespassing on the premises; it obviated the need for common law categories of trespasser, licensee and invitee as labels for children injured on the premises of another; it established the foreseeability of harm to children as the cornerstone of liability (also see *Hendricks v. Peabody Coal Co.* (1969), 115 Ill. App. 2d 35, 41); and it brought Illinois law into harmony with section 339 of the Restatement (Second) of Torts. * * * Under *Kahn*, a duty which would not be imposed in ordinary negligence will be imposed upon the owner or occupier of land only if such person knows or should know that children frequent the premises *and* if the cause of the child's injury was a *dangerous* condition on the premises. If both these prerequisites are met, it is deemed that harm to children is sufficiently foreseeable for the law to impel an owner or occupier of land to remedy the condition."

Defendant here maintains that the only allegations in the complaint and bill of particulars addressing the existence of a dangerous or defective condition are insufficient under *Kahn* and *Corcoran*: first, the allegation that attractiveness alone renders the instrumentality dangerous is insufficient; and second, the allegation that plaintiff fell into the excavation is simply the risk of falling into an obvious depression in the ground which has come to fruition, a risk which children are expected to recognize, as the supreme court held in *Corcoran*. That case involved a two-year-old plaintiff who was injured when he fell into a ditch located in a park near his home which, as a result of the fall, caused him to sustain severe brain damage. The court affirmed the dismissal of the lawsuit in that case, recognizing that ordinarily a ditch in and of itself does not pose a danger or hazard, but in so doing made the following observations (73 Ill. 2d 316, 328):

> "Under certain circumstances, the condition of a ditch in its surroundings may enhance the risks of injury to unsuspecting children and, in fact, be a danger to children. A ditch may pose such a danger because of its depth or because it is hidden from view or for other reasons. However, the burden rests with the plaintiffs to allege sufficient relevant facts to describe the condition

in order for the trial court to conclude that the condition exposes children to risks greater than those which normally attend their daily lives."

The court found the risk involved in that case to have been one which was "* * *incident to any common ditch or obvious depression in the ground and one which children generally would be expected to recognize and appreciate." (73 Ill. 2d 316, 328.) When the complaint and bill of particulars in the instant case are examined with the foregoing principles as frames of reference, together with the following familiar rules of pleading practice, defendant's characterization of the risk alleged in the present case cannot be sustained.

■■■ Section 4 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 4) requires that the Act be liberally construed toward the end that controversies may be determined according to the substantial rights of the parties. Pleadings shall also be liberally construed with a view toward doing substantial justice between the parties (Ill. Rev. Stat. 1977, ch. 110, par. 33(3)), and if from the facts alleged and the reasonable intendments thereof any possibility of recovery exists, then the dismissal of an action is improper. (*J. J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 365 N.E.2d 721; *Bureau of Credit Control v. Scott* (1976), 36 Ill. App. 3d 1006, 345 N.E.2d 37.) No pleading which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet is bad in substance. (Ill. Rev. Stat. 1977, ch. 110, par. 42(2); *Fisher v. Holt* (1977), 52 Ill. App. 3d 164, 166, 367 N.E.2d 370.) The bill of particulars is deemed part of the complaint to which it relates and must also be considered. *Marion v. In re Estate of Wegrzyn* (1968), 93 Ill. App. 2d 205, 208, 236 N.E.2d 328.

Plaintiff in this case has alleged, among other things, that the excavation, mounds of dirt and concrete foundation, in combination, had the propensity to cause slipping, sliding and falling. This does not indicate, as defendant urges, that there was therefore merely the risk of falling into an obvious depression; rather, it suggests a complex synergistic relationship of the three instrumentalities which are said to have interacted, allegedly causing plaintiff's forceful slipping, sliding or falling into the bottom of the excavation, resulting in the injuries and damages claimed. An instrumentality, although in and of itself not dangerous, may become dangerous when joined with other nondangerous instrumentalities or surroundings. *Corcoran v. Village of Libertyville*; *Kahn v. James Burton Co.*; *Carroll v. McGrath* (1974), 25 Ill. App. 3d 436, 323 N.E.2d 513; *Trobiani v. Racienda* (1968), 95 Ill. App. 2d 228, 238 N.E.2d 177; *Henry v. Robert Kettel Construction Corp.* (1967), 82 Ill. App. 2d 420, 226 N.E.2d 89; *Smith v. Springman Lumber Co.* (1963), 41 Ill. App. 2d 403, 191 N.E.2d 256; *Andrews v. General*

*Contracting Co.* (1962), 37 Ill. App. 2d 131, 185 N.E.2d 354; *Halloran v. Belt Ry. Co.* (1960), 25 Ill. App. 2d 114, 166 N.E.2d 98; *Melford v. Gaus & Brown Construction Co.* (1958), 17 Ill. App. 2d 497, 151 N.E.2d 128.

Fact situations taken from but a few of the foregoing authorities suffice to demonstrate the application of this principle. In *Trobiani*, a ladder situated in an open stairwell in a building under construction in which the minor was playing was considered a sufficiently dangerous condition as to create a basis for liability to the infant trespasser. In *Henry*, a pickup truck moving upon the grounds of a construction site in which there were also present piles of dirt, a water fountain and contractor's equipment around which plaintiff's decedent had been playing when struck by the vehicle was deemed a sufficiently dangerous condition on which to support the infant trespasser's action. In *Melford*, the minor child was injured while playing on the site of a building being constructed when he fell backwards over the edge of a wooden platform covering a foundation into the adjacent excavation, on which facts plaintiff's action was properly predicated.

Concededly, neither the complaint nor the bill of particulars in the case at bar are exemplary pleadings; however, from the facts which are alleged and the fair intendments inferable therefrom, it is possible that plaintiff may be able to prove that the environment composed of the mound of dirt, excavation and concrete foundation from which plaintiff allegedly slipped, slid and fell, was indeed of such a nature as to impose upon defendant the duty to foresee their danger to children who, as plaintiff does clearly plead, defendant knew or should have known were upon the premises. Further, such circumstances may also be proved sufficiently obscure in their potential danger to infant trespassers as to be more unusual than those encountered in their daily lives. (*Corcoran*, 73 Ill. 2d 316, 328.) From the foregoing, we cannot say at this stage of the proceedings, as a matter of law, that the risk involved here was "* * * incident to any common ditch or obvious depression in the ground * * * which children generally would be expected to recognize and appreciate" as in *Corcoran*.

Defendant also relies upon *Merkousko v. Janik* (1973), 14 Ill. App. 3d 343, 302 N.E.2d 390; *Krakowiak v. Sampson* (1967), 85 Ill. App. 2d 71, 229 N.E.2d 578; and *Landman v. M. Susan & Associates, Inc.* (1965), 63 Ill. App. 2d 292, 211 N.E.2d 407, in support of its position. In none of these cases, however, were the instrumentalities portrayed or the postulated dangers of such character as to have been deemed beyond the understanding of children, and they are therefore inapposite to the case before us. In *Merkousko*, the minor plaintiff had climbed a dirt pile in order to reach an otherwise unscalable tree. Dismissal of the action there was affirmed because a child should have been aware of the danger of

falling from any tree. *Krakowiak* involved similar facts, where a child ran up and down hills of earth and was seriously injured by an overhanging tree branch. In *Landman* the minor child sought damages for an eye injury which resulted from sand thrown at him by a playmate while they were playing on a sand pile at a construction site. The pile of sand by itself was found to have possessed no inherent hazard or danger either in its substance or location.

■ For the foregoing reasons, we find that plaintiff's complaint and bill of particulars sets forth sufficient allegations upon which to go forward with the trial on its merits. Accordingly, the order striking the complaint and dismissing the action must be reversed and the cause remanded for trial.

Reversed and remanded.

PERLIN, P. J., and DOWNING, J., concur.