MARGARET M. PASIERB, Adm'r of the Estate of John Pasierb, III, Plaintiff-Appellant, *v.* HANOVER PARK PARK DISTRICT, Defendant-Appellee.

First District (3rd Division)    No. 81-688

Opinion filed December 30, 1981.

John R. Fielding, of Chicago, for appellant.

Judge, Drew, Cipolla & Kurnik, Ltd., of Park Ridge (Jay S. Judge, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Margaret M. Pasierb, administrator of the Estate of John Pasierb III, brought this action to recover damages for the wrongful death of her 7-year-old son by drowning in a creek on the property of defendant Hanover Park Park District. The trial court granted defendant's motion to strike and dismiss the complaint, but gave plaintiff leave to file an amended complaint. Plaintiff elected to stand on her complaint, and appeals the order of dismissal. The sole issue is whether the complaint states a cause of action.

Plaintiff's complaint recited that on December 20, 1978, the deceased was in a park owned and controlled by defendant. A creek in the park was covered by a thin layer of ice upon which snow had accumulated. The snow covered the creek and the ground so as to make it impossible to

discern the location of the creek. The boy died from exposure after he became entrapped under a crust of ice covering the creek. The complaint further alleged that the condition was knowingly unsafe and that defendant could have cured the unsafe condition either by posting warnings, providing a barrier or cleaning the ground.

Defendant's motion to dismiss characterized the creek as a drainage ditch. It maintained that, as a matter of law, it had no duty to protect or warn children of the condition on its premises since the ditch covered with snow was an obvious, common condition the danger of which children were deemed to be aware.

■■ Where an owner of land knows, or should know, that young children frequent the vicinity of a known defective structure or a dangerous agency existing on the land, the owner has a duty to remedy or otherwise protect children from injury resulting from it. (*Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836.) Whether the agency is sufficiently dangerous to trigger the duty in the owner depends on whether the risks attendant to the condition are obvious and ones which children generally would be expected to appreciate and avoid. (*Prince v. Wolf* (1981), 93 Ill. App. 3d 505, 417 N.E.2d 679.) In the Restatement (Second) of Torts §339, Comment j, at 203 (1966), it is stated:

> "There are many dangers, such as those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large."

Hence, in *Prince v. Wolf*, it was held that water in which an infant drowned was not an appropriate dangerous condition since children should know that drowning is a risk attendant to swimming. Similarly, in *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 328, 383 N.E.2d 177, the court held that a ditch into which a child fell to his death was not a sufficiently dangerous condition since the risk of falling into a ditch, "a risk which is incident to any common ditch or *obvious* depression in the ground [is one] which children generally would be expected to recognize and appreciate." (Emphasis added.)

■■ On the other hand, an instrumentality, although not in itself dangerous, may become dangerous when joined with other nondangerous instrumentalities or surroundings. (*Novak v. C. M. S. Builders & Developers* (1980), 83 Ill. App. 3d 761, 404 N.E.2d 918; *Skaggs v. Junis* (1960), 27 Ill. App. 2d 251, 169 N.E.2d 684.) Our supreme court recently accepted this principle when it stated in *Corcoran*:

> "Under certain circumstances, the condition of a ditch in its surroundings may enhance the risks of injury to unsuspecting children and, in fact, be a danger to children. A ditch may pose such a

danger because of its depth or because it is hidden from view or for other reasons." 73 Ill. 2d 316, 328.

■■ In the present case, we believe that the complaint alleged a sufficiently dangerous condition to withstand a motion to dismiss. Plaintiff charged that a creek in the park, frozen over with a thin layer of ice, was completely concealed by a layer of snow which made it impossible to discern the location of the creek. We believe the risks involved in a completely concealed creek in a park are not the type "which children generally would be expected to recognize and appreciate." *Corcoran v. Village of Libertyville.*

Nor do we believe that the fact that the concealing agent is a natural one dictates a dismissal of the present complaint. The touchstone of liability in the *Kahn*-type cases is not the distinction between natural or artificial but is instead the foreseeability of harm to children. (*Corcoran v. Village of Libertyville.*) It is foreseeable that a child who plays in a park where a water-filled drainage ditch is hidden from view is likely to encounter the ditch unintentionally and suffer injury thereby.

■■ Defendant nevertheless maintains that the case is governed by the well-settled principle that parents bear primary responsibility for the care of their children. (*Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 219 N.E.2d 483; *Prince v. Wolf.*) Certainly, parents can teach children not to scale heights or play with fire or swim in bodies of water. But to have prevented the death of the child in this case, his parents would have been compelled to teach him that wherever he steps in a park there may be lurking, hidden from view, a creek or ditch underfoot. Even an adult, however, may recover from a landowner for failing to warn of or make safe a hidden dangerous condition on the land which causes him injury. (See *Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47; *Cogswell v. Norfolk & Western Ry. Co.* (1976), 43 Ill. App. 3d 444, 357 N.E.2d 217.) Accordingly, we hold that the present complaint alleges a sufficiently dangerous condition to trigger a landowner's duty to children on the premises.

Relying on some slip-and-fall-on-the-ice-and-snow cases (see, *e.g.*, *Lansing v. County of McLean* (1978), 69 Ill. 2d 562, 372 N.E.2d 822), defendant also contends that the imposition of a duty in the present case would be too great a burden on the landowner. *Lansing* merely reiterated the rule that there is no duty to remove or warn about the danger of slipping and sliding wherever and whenever a natural accumulation of snow falls. That principle appropriately recognizes that since the danger, the slippery nature of ice or snow, conceivably exists wherever snow or water may fall, a duty to remedy such a danger would be all-encompassing. In the present case, however, the danger exists not in the snow,

wherever it may fall, but in the ditch filled with water which was hidden by the snow. Hence, unlike the slip-and-fall snow cases, the present case involves the particularized duty of making known the existence of a specific hidden danger on the land.

■■ Nor is imposition of such a duty comparable to a duty to make all bodies of water "boy-proof," as defendant suggests. Where a body of water is visible, the danger of drowning is apparent to the child and therefore, the landowner need not entirely close or guard such bodies against a determined child knowingly gaining access. (*Wood v. Consumers Co.* (1948), 334 Ill. App. 530, 79 N.E.2d 826.) But the present case involves an unsuspecting child who could not avoid the ditch because it could not be seen. The correlative duty, therefore, is not to make the creek "boy-proof" but instead to make the existence of and location of the creek known.

For the reasons stated, the judgment of the circuit court of Cook County dismissing the complaint is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

RIZZI, P. J., and McGILLICUDDY, J., concur.