LEROY CHRISTON et al., Adm'rs, Plaintiffs-Appellants, v. KANKAKEE VALLEY BOAT CLUB et al., Defendants-Appellees (Kankakee Valley Park District, Defendant).

Third District   No. 3—86—0263

Opinion filed February 13, 1987.

HEIPLE, J., dissenting.

Michael W. Rathsack, of Chicago, for appellants.

D. Kendall Griffith, Lawrence C. Gray, and H. Anne McKee, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee Kankakee Valley Boat Club.

JUSTICE BARRY delivered the opinion of the court:

The plaintiffs, LeRoy Christon and Bobbie Christon, special administrators of the estate of Andrea Christon, brought suit against the defendants, Kankakee Valley Boat Club and Kankakee Valley Boat Club, Inc. (the boat club) and Kankakee Valley Park District (the park district). The plaintiffs appeal from the trial court's order of summary judgment for the boat club. We affirm.

On May 26, 1984, nine-year-old Andrea met with some friends at Beckman Park. Andrea and 12-year-old Margarito Soto then walked over to the adjoining Kankakee Valley Boat Club, where they took off their shoes and sat with their feet in the Kankakee River.

The river was about a foot higher than normal. This caused it to flood its banks and cover a sidewalk running parallel to the river for the length of the boat club. Also submerged were docks which jutted perpendicularly into the river from the sidewalk. On the edge of the sidewalk, next to the river, ran a 4-inch-wide metal strip. On the date of the accident, this strip could not be seen beneath the muddy water.

Andrea and Margarita were sitting on a gas pump, with their feet in the water covering the sidewalk. Seeing some ducks, Andrea decided to wade across the sidewalk and onto a dock so that she could get closer to them. She stopped, however, before reaching the docks because Margarita told her to do so. The next thing Margarita saw was Andrea falling into the river. Andrea drowned.

The plaintiffs filed suit, alleging in their second amended com-

plaint that the defendant boat club had negligently failed to fence off the dock area, to supervise the dock area, to construct the docks so that they would not become submerged, to provide life rings or poles in the dock area, and to provide nonskid surfaces on the docks. They further alleged that the defendant park district had negligently failed to separate the park and the boat club by a fence or other barrier, to provide supervision or barriers when the river was high and overflowing its banks, and to provide life rings or poles along the banks of the river.

The defendant park district filed a motion to dismiss, alleging that the plaintiff's complaint did not state a cause of action against it. The court granted the motion.

The defendant boat club then filed a motion for summary judgment, alleging that, as a matter of law, the factual allegations pleaded by the plaintiffs did not establish that it had a legal duty to Andrea. The trial court granted the motion.

The plaintiffs argue on appeal that the trial court erred in granting the boat club's motion for summary judgment. Specifically, they argue that the source of risk was not the river, but the hidden, slippery strip of metal the defendants had placed next to it.

█ █ It is fundamental that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff. The question of duty is a question of law to be determined by the court. (*Fancil v. Q. S. E. Foods, Inc.* (1975), 60 Ill. 2d 552, 318 N.E.2d 538.) A landowner has no duty to remedy conditions the obvious risks of which children generally would be expected to appreciate and avoid. There are many dangers, such as those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large. *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177; see also *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023.

█ While it is unclear from Margarita's disposition whether Andrea actually slipped on the metal strip, we do not believe this is the dispositive issue in this case. Andrea chose to wade into a river which had been closed even to boat traffic due to the flooding. Sudden drop-offs are a risk in any river. In this case, the boat docks and the man-made concrete sidewalk provided a warning that the water was likely to deepen beyond. Nonetheless, even though the muddy water concealed any drop-offs and posed the danger of silt deposits which could render even the concrete slick, Andrea waded towards the deeper water. Contrary to the plaintiffs' assertions, the real and obvious danger

was the river. A flooded river is clearly within the category of obvious risks discussed in *Corcoran*. Accordingly, we find that the trial court correctly determined as a matter of law that under the instant circumstances the defendants did not breach any duty owed to Andrea.

The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

SCOTT, J., concurs.

JUSTICE HEIPLE, dissenting:

The decedent, nine-year-old Andrea Christon, slipped at the waterfront, fell into the Kankakee River, and drowned. The majority attempts to justify summary disposition of this case by determining that because Andrea was the victim of an obvious danger, no duty was owed to her. I cannot agree with the majority that as a matter of law the defendant in this case owed no duty to plaintiff's decedent.

Summary judgment is a drastic method of disposing of a case and should not be employed unless there is no issue of material fact and it is free from doubt that the moving party is entitled to judgment as a matter of law. (*Murphy v. Urso* (1981), 88 Ill. 2d 444, 463-64.) I believe that the question of whether the flooded river, which covered the sidewalk with several inches of murky water and concealed the drop-off from the sidewalk into the river, was "clearly within the category of obvious risks discussed in *Corcoran*" was a matter for a jury to decide. Similarly, whether Andrea appreciated the perils the waterfront presented and whether the flooded, silt-covered docks and sidewalk created a reasonably foreseeable risk of harm (the test for assessing liability) were also factual determinations which should have been left to a jury.

It is true that a body of water is generally held not to constitute a concealed, dangerous condition. It is also true, however, that a body of water may become dangerous when joined with other instrumentalities or surroundings. (*Pasierb v. Hanover Park Park District* (1981), 103 Ill. App. 3d 806.) In *Pasierb*, a lightly frozen creek in a park that was concealed by a layer of snow which made it impossible to discern the location of the creek was found to be a risk not the type which children would be expected to appreciate. Similarly, the facts before this court presented a concealed danger—a waterfront with a very shallow area of water adjacent to a much deeper area, with a slippery line of demarcation between the two which was impossible to discern beneath the murky water. The risks involved in a concealed drop-off

into deep river water near a public park are not the type which children generally would be expected to recognize and appreciate. I do not agree that a nine-year-old can necessarily appreciate the fact that rivers may have steep drop-offs or the fact that muddy water along a riverbank may conceal silt-slickened sidewalks which end without warning. I do not think it is obvious that if you wade in ankle-deep water at the river's edge that you will drown.

There were genuine issues of material fact in this case which should have precluded the entry of summary judgment. Triers of fact should have determined whether the defendant was negligent, for the defendant knew the flooded waterfront was a danger and that children played at the waterfront, yet did nothing to prevent them from playing there or to warn them of the danger of playing there. On the basis of the pleadings and affidavits, construed most strictly against the defendant, a jury could have concluded that the flooded waterfront at the boat club posed a reasonably foreseeable risk of harm to children. Summary judgment was therefore improperly granted.

Accordingly, I dissent.