REBECCA ALOP, a Minor by Alan Alop *et al.*, her Parents and Natural Guardians, *et al.*, Plaintiffs-Appellants, v. EDGEWOOD VALLEY COMMU- NITY ASSOCIATION *et al.*, Defendants-Appellees (Edgewood Valley Development Corporation *et al.*, Defendants).

First District (1st Division)   No. 86—0095

Opinion filed March 16, 1987.

Joel M. Kaplan, of Karlin & Fleischer, of Chicago (David A. Novoselsky, of counsel), for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Carlton D. Fisher, and Lynn D. Dowd, of counsel), for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

On May 21, 1983, six-year-old Rebecca Alop (Rebecca), after attempting to turn around in the middle of a playground slide, fell onto an asphalt surface and, as a result, allegedly sustained a skull fracture and epidermal hematoma. An action was brought in the circuit court of Cook County by her parents (plaintiffs) individually and as natural guardians of the minor against, among others, Edgewood Valley Community Association, owner of the playground, and Suburban Condominium Management Corporation, manager of the premises (defendants). In their first amended complaint, plaintiffs alleged that defendants improperly installed the slide on a surface which did

not provide sufficient cushioning. Summary judgment was entered in favor of defendants, and plaintiffs appeal contending that the trial court erred in ruling that defendants owed no duty to Rebecca to have placed the slide on a softer surface than asphalt. For the following reasons, we affirm.

■■ ■ Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) Summary judgment will not be reversed absent an abuse of discretion by the trial court such that the plaintiff's right to fundamental justice is violated. (*Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549.) In the present case, the trial judge acted properly within his discretion in granting defendants' motion for summary judgment since there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. (See *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538 (whether a duty exists is a question of law to be determined by the court).)

■ Our supreme court in *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, held that the principles of ordinary negligence govern the liability of an owner or occupier of land upon which a child is injured, thus abolishing the attractive nuisance doctrine in Illinois. The significance of the *Kahn* decision is that it disregarded the notion that a dangerous condition had to lure children on to the premises and adopted instead the rule that foreseeability is the cornerstone by which liability is determined. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177.) Therefore, as a general rule, infants have no greater rights than do adults to go upon the lands of others, and their minority imposes no duty upon the owner to expect them to take precautions for their safety. *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836.

■ An exception to this rule is recognized where the owner knows or should know that young children frequent the area and the cause of the child's injury is a dangerous condition on the land. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177.) A "dangerous condition" is one that is likely to cause injury to children who, by reason of their age and immaturity, are incapable of

appreciating the attendant risks. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177.) If, however, the condition involves obvious risks that children generally would be expected to appreciate and avoid, there is no duty to remedy the condition. *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177.

■■ Since it is undisputed in the present case that defendants knew children frequented the playground, the issue thus becomes whether the slide on the asphalt surface created a dangerous condition. Under the authority of *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177, *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023, *Chimerofsky v. School District No. 63* (1970), 121 Ill. App. 2d 371, 257 N.E.2d 480, and *Christon v. Kankakee Valley Boat Club* (1987), 152 Ill. App. 3d 202, we conclude it did not because the risk the slide presented to children, and in particular to Rebecca, was an obvious one.

In *Corcoran*, a two-year-old child fell into a ditch in a park area near his home and suffered severe brain damage. The supreme court affirmed the dismissal of the lawsuit in that case, stating that after stripping the pleadings of their conclusional emphasis, they alleged "nothing more than the risk of falling into a ditch, a risk which is incident to any common ditch or obvious depression in the ground and one which children generally would be expected to recognize and appreciate." (*Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 328, 383 N.E.2d 177, 181.) In *Cope*, a seven-year-old child drowned in a retention pond. In affirming the appellate court's reversal of the jury's verdict in favor of plaintiff, the supreme court reasoned that the evidence did not support plaintiff's contention that the retention pond presented perils that were not appreciated by plaintiff's decedent.

In *Christon*, where a nine-year-old girl fell into the Kankakee River and drowned, the plaintiffs argued that summary judgment was improperly entered for the defendants because the source of risk was not the river, but the hidden, slippery strip of metal the defendants had placed next to it. In affirming the entry of summary judgment, the court concluded the real danger was the river itself which fell within the category of obvious risks discussed in *Corcoran*. And finally, in *Chimerofsky*, where a 3½-year-old sustained injuries as a result of falling from a playground slide, the appellate court affirmed the dismissal of the plaintiff's complaint, holding that the risk that children will fall from a standard playground slide is not an unreason-

able risk so as to impose a duty on the defendant to fence, guard, or supervise it.

Similarly, in the case at bar, the risk of falling from a slide placed on an asphalt surface was not so unreasonable as to impose a legal duty on defendants. Rebecca testified at her deposition that she knew she could get hurt on asphalt because it was harder than sand or grass. In light of this testimony and the fact that Rebecca was six years old at the time of the accident, she certainly knew or should have known that if she were to fall from the slide, she would stand the risk of becoming injured. Moreover, Rebecca asserted that she fell from the slide because she turned around in the middle of it. As noted in *Newby v. Lake Zurich Community Unit, District 95* (1985), 136 Ill. App. 3d 92, 99, 482 N.E.2d 1061, 1067, "[a]n instrumentality or product does not become inherently dangerous *** merely because there is an abuse of it, or it is used for a wrongful purpose."

■ Furthermore, if a child is old enough to play without adult supervision, certain risks are considered obvious to that child. As stated by the supreme court, the dangers of " 'fire and water, or of falling from a height *** under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large.' " (*Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 327, 383 N.E.2d 177, 180, quoting Restatement (Second) of Torts sec. 329, comment *j*, at 203 (1966).) Here, it is undisputed that on the day of the accident, Rebecca, along with her friend Amanda Cameron, were given permission to go to the playground where the slide was located and that no adult accompanied them to or supervised them at the playground. Thus, one may conclude that Rebecca could appreciate the dangers involved in falling from the slide onto the asphalt surface.

■ Plaintiffs contend that *Corcoran, Cope, Christon,* and *Chimerofsky* are unlike the present case because they involved "natural" visible hazards, whereas here, the slide coupled with the "artificial" surface created an "unusual and unnecessary" hidden hazard to children. We disagree. First, the touchstone of liability in the *Kahn* line of cases is not the distinction between natural or artificial, but rather the foreseeability of harm to children. (*Pasierb v. Hanover Park District* (1981), 103 Ill. App. 3d 806, 431 N.E.2d 1218.) Moreover, while an instrumentality, though not in itself dangerous, may become so when joined with other nondangerous instrumentalities and surroundings (*Novak v. C.M.S. Builders & Developers* (1980), 83 Ill. App. 3d 761, 404 N.E.2d 918), the burden is upon the plaintiff to allege facts which demonstrate that the combination of surroundings creates a

risk greater than those to which children are exposed in their everyday lives (*Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177; *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 453 N.E.2d 1133). In this regard, plaintiffs have failed to sustain their burden.

■■ In their attempt to establish the slide as a dangerous agency, plaintiffs presented the affidavit of Alan Caskey, president of A.R.C. Associates, Inc., a park and recreation planning firm involved in the construction of playgrounds. Mr. Caskey stated that in his opinion, the asphalt surface on which the slide was situated created a dangerous condition which children could not appreciate. Pursuant to Supreme Court Rule 191(a), however, such evidence is insufficient since it provides legal conclusions rather than facts. 87 Ill. 2d R. 191(a).

Furthermore, plaintiffs' reliance on *Novak v. C.M.S. Builders & Developers* (1980), 83 Ill. App. 3d 761, 404 N.E.2d 918, and *Pasierb v. Hanover Park Park District* (1981), 103 Ill. App. 3d 806, 431 N.E.2d 1218, is misplaced. In *Novak*, the appellate court reversed the dismissal of plaintiff's lawsuit where a 10-year-old fell into the bottom of excavation at a construction site and sustained injuries. The court reasoned that the plaintiff could possibly prove that the "complex synergistic relationship" of the mound of dirt, excavation, and concrete foundation on which the minor allegedly slipped and fell was of such a nature as to impose upon the defendant the duty to foresee its danger to children. The court also stated that such circumstances may be proved sufficiently obscure so as to be more unusually dangerous than those encountered in children's daily lives.

In *Pasierb*, the plaintiff stated a cause of action where her seven-year-old son drowned in a creek on the defendant's property. The plaintiff charged that the creek, frozen over with a thin layer of ice, was completely concealed by a layer of snow which made it impossible to discern the location of the creek. The court held the risks involved were not the type "which children generally would be expected to recognize and appreciate." *Pasierb v. Hanover Park Park District* (1981), 103 Ill. App. 3d 806, 809, 431 N.E.2d 1218, 1220.

We are not confronted here with the factual situations present in *Novak* and *Pasierb*. In those cases, the children were injured as a result of latent conditions, the danger of which would not be obvious to a minor. In the instant case, however, Rebecca was injured after falling from a slide onto asphalt, a risk which children encounter in their daily lives when at a playground. In fact, Rebecca herself asserted she had used slides a "thousand" times before as well as the exact slide in question on a prior occasion.

As stated in *Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 79, 219 N.E.2d 483, 486:

> "It is always unfortunate when a child gets injured while playing, but a person who is merely in possession and control of the property cannot be required to indemnify against every possibility of injury thereon. The responsibility for a child's safety lies primarily with its parents, whose duty it is to see that his behavior does not involve danger to himself."

Accordingly, in the instant case, we hold that defendants owed no duty as a matter of law where Rebecca was permitted to play unsupervised on a slide which posed an obvious risk to her.

For the foregoing reasons, we affirm the circuit court of Cook County's entry of summary judgment for defendants.

Affirmed.

CAMPBELL, and O'CONNOR, JJ., concur.