JASON JAMES SCARANO, a Minor by his Mother and Next Friend, Caron L. Scarano, Plaintiff-Appellant, v. THE TOWN OF ELA *et al.*, Defendants-Appellees.

Second District   No. 2—87—0423

Opinion filed February 11, 1988.

Bruce N. Tinkoff, of Tinkoff, Popko & DuVal, of Barrington, for appellant.

Jay S. Judge, Janella L. Barbrow, and Sarah Hansen Sotos, all of Judge & Knight, Ltd., of Park Ridge, for appellee Town of Ela.

Louis W. Brydges, Jr., of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellee Lions Club of Lake Zurich, Illinois, Inc.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Jason Scarano, a minor, filed suit by his mother and next friend, Caron L. Scarano, in the circuit court of Lake County against defendants, the Town of Ela and the Lions Club of Lake Zurich, to recover for injuries that he sustained when he fell from a slide located on property owned and maintained by both defendants. Fol-

lowing the trial court's dismissal of his fourth amended complaint, plaintiff filed this appeal.

The two issues raised on appeal are whether defendants owed plaintiff a duty of ordinary care to prevent him from falling from the slide and whether the fourth amended complaint alleged facts sufficient to state a cause of action for wilful and wanton misconduct.

The fourth amended complaint alleges that defendants own, operate, and maintain a certain parcel of real estate upon which a playground is located. On the playground, there is a piece of playground equipment known as a "double slide."

According to the complaint, the slide is over six feet high, has no handrail between its parallel steps, has steps, a platform, and handrails that are worn smooth, has loose handrails around the platform, has exposed metal and concrete footings, and is situated above a packed dirt and stone surface. Additionally, there are allegations that on prior occasions other children have fallen from this same slide due to these dangerous and defective conditions, and that defendants knew of such incidents. It is further alleged that plaintiff, while playing on the platform of the slide, along with several other children, slipped, attempted to prevent his fall by grabbing the handrails, his hands slipped from the defective handrails which were worn smooth, slippery, and loose, and he fell, suffering physical injuries, including a fractured arm.

On appeal, plaintiff contends that the complaint's allegations regarding defendants' failure to remedy the defective and dangerous condition of the playground slide and surrounding environment states a cause of action for negligence. Additionally, he maintains that the defendants' knowledge of prior incidents of a similar nature, combined with their failure to remedy the defective and dangerous slide, states a cause of action for wilful and wanton conduct. Defendants respond that the trial court correctly dismissed the complaint because defendants had no duty under these circumstances to protect plaintiff from or warn him of the obvious dangers of falling from the slide.

■ In determining whether a motion to dismiss was properly allowed, all well-pleaded facts will be regarded as true (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 514, 513 N.E.2d 387), and all reasonable inferences should be construed in the plaintiff's favor. (*Katz v. Belmont National Bank* (1986), 112 Ill. 2d 64, 67, 491 N.E.2d 1157.) A cause of action should not be dismissed unless it clearly appears from the pleadings that no set of facts can be proved which will entitle plaintiff to recover. *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278,

286, 499 N.E.2d 1319.

To be legally sufficient, a negligence complaint must set out facts that establish the existence of a duty owed by defendant to plaintiff, a breach of that duty, and an injury proximately caused by the breach. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 525, 513 N.E.2d 387.) The determination of whether a duty exists is an issue of law to be determined by the court. 117 Ill. 2d at 525.

Furthermore, a complaint for wilful and wanton misconduct must allege not only duty, breach, and proximate cause, but also that defendants either intentionally injured plaintiff or acted in reckless disregard for his safety. (*Tijerina v. Evans* (1986), 150 Ill. App. 3d 288, 291, 501 N.E.2d 995; see also *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 469, 415 N.E.2d 1015.) Duty is, however, a prerequisite to any wilful and wanton cause of action. *Young v. Chicago Housing Authority* (1987), 162 Ill. App. 3d 53, 55, 515 N.E.2d 779; *Newby v. Lake Zurich Community Unit, District 95* (1985), 136 Ill. App. 3d 92, 97, 482 N.E.2d 1061.

Customary principles of ordinary negligence must be applied to determine the liability of owners, occupants, or parties in control of premises upon which a child is injured. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 286, 464 N.E.2d 1023.) Furthermore, a duty will be imposed upon such a party if he knows or should know that children frequent the premises and if the cause of the child's injury was a dangerous condition on the premises. (102 Ill. 2d at 286.) A dangerous condition is one which is likely to injure children generally who, by reason of their age and immaturity, would not be expected to comprehend and avoid the attendant risks. (102 Ill. 2d at 286.) Consequently, there is a duty to remedy the condition under those circumstances. (102 Ill. 2d at 286.) There is no duty, however, to remedy a condition that presents obvious risks which children would be expected to appreciate and avoid. 102 Ill. 2d at 286.

While certain objects may not ordinarily pose a danger or hazard to children, under certain circumstances, the condition of such objects may enhance the risks of injury to unsuspecting children and, in fact, be a danger to children. (See *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 328, 383 N.E.2d 177; see also *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 486, 507 N.E.2d 19.) The plaintiff, however, has the burden to allege facts which demonstrate that such combination creates a risk greater than those to which children are exposed in their everyday lives. *Corcoran*, 73 Ill. 2d at 328, 383 N.E.2d at 181.

Although both parties rely on several cases to support their respective positions, we must determine whether plaintiff's allegations in this case are sufficient to create a duty. The negligence counts of the amended complaint allege, in pertinent part, the following:

"7. That at the time and place aforesaid, and for a long time prior thereto, there was a defective structure and/or dangerous agency present on the aforementioned property, namely:

A. Said double slide, in that it was in a defective condition, the handrail which ran or was to have run from the center of the double set of steps of said slide was missing, the handrails, steps and platform of said double slide were worn smooth and were slippery, so that one could not grab there for support without his hands slipping and losing his grip; the handrails were loose and insecure in that the nuts and bolts by which they were attached were not properly tightened, had a platform area at the top of said double slide upon which several children could gather at the same time, without having a protective barrier to prevent children from falling from the platform of said double slide, and/or the handrails located around the perimeter of said platform were inadequate in that they failed to prevent children from falling from the platform of said double slide.

\* \* \*

8. That Defendant knew or should have known that children the same age as the Defendant [sic] would not appreciate the risk of being injured from playing on and/or about said double slide and/or falling off of said double slide, due to it's aforementioned defective and/or dangerous condition and/or due to the dangerous environment in which said double slide was located.

9. That Defendant knew that said double slide would be likely to cause injury and/or that children would fall from said double slide due to its aforementioned defective and/or dangerous condition and/or due to the dangerous environment in which said double slide was located, in that prior to the occurrence alleged herein other children had fallen from said double slide and were injured, due to the aforementioned defective and/or dangerous condition and/or due to the dangerous environment, and Defendant knew of the same.

\* \* \*

12. That the Defendant was then and there guilty of one or more of the following wrongful acts or omissions:

\* \* \*

B. Negligently and carelessly permitted the handrails, steps and platform of said double slide to become worn and slippery;

\* \* \*

G. Carelessly and negligently failed to remedy said defective and/or dangerous condition of said double slide and/or remedy said dangerous environment in which said double slide was located in as alleged in Paragraph 7 Sub-Paragraphs (A), (B) and (C) herein.

H. Defendant failed to remedy the defective structure, defective and/or dangerous condition, and/or the dangerous environment in which said double slide was located in as alleged in Paragraph 7 Sub-paragraphs (A), (B) and (C) of this Count.

I. Carelessly and negligently failed to worn [*sic*] that the use of said double slide posed the risk of physical injury.

\*\*\*

13. That at said time and place, Plaintiff was playing on said double slide, more particularly on the platform of said double slide, with other children when Plaintiff slipped and fell from said double slide's platform area through said handrails around the platform landing on said packed dirt and stone surface striking the metal and concrete footings which anchored said slide which were exposed and above ground level, that Plaintiff attempted to grab said existing handrails to prevent him from falling, but his hands slipped due to the handrails being worn smooth, being slippery, and as a result of their being loose and insecure as alleged in Paragraph 7 of this Count."

■ We conclude that the allegations here do raise a duty on the part of defendants to remedy the defective condition of the slide. Plaintiff has not merely alleged that a nondefective slide is a dangerous condition (see *Chimerofsky v. School District No. 63* (1970), 121 Ill. App. 2d 371, 257 N.E.2d 480), but rather, has pleaded, in pertinent part, that the slide was dangerous in that it had worn smooth, slippery, and loose handrails, which plaintiff grabbed to prevent him from falling off the slide.

■ Although a slide, even one located on a hard surface, may not ordinarily be a dangerous condition (see *Alop*, 154 Ill. App. 3d at 486-87, 507 N.E.2d at 22-23), it becomes dangerous when it has defects in its condition that are likely to injure children generally who, because of their age and immaturity, would not be expected to comprehend and avoid the attendant risks. Under these circumstances, the defec-

tive condition of the slide does not present an obvious risk. A slide which has defective handrails, as alleged herein, becomes a greater risk than that which children are normally exposed to and can be expected to appreciate when they use a slide, and as such, children cannot be expected to comprehend and avoid the increased risk.

Comment *j* of section 339 of the Restatement (Second) of Torts states as follows:

> "There are many dangers, such a [*sic*] those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large.
>
> To such conditions the rule stated in this Section ordinarily has no application, *in the absence of some other factor creating a special risk that the child will not avoid the danger*, such as the fact that the condition is so hidden as not to be readily visible, or a distracting influence which makes it likely that the child will not discover or appreciate it.
>
> Where, however, the possessor knows that children too young to appreciate such dangers are likely to trespass on his land, he may still be subject to liability to such children under the rule stated." (Emphasis added.) Restatement (Second) of Torts §339, comment *j* (1965).

We find, therefore, that plaintiff pleaded sufficient facts to establish a duty on the part of defendants to protect plaintiff from the defective aspects of the handrails. In so holding, we are careful to note that the slide's location on a packed dirt and stone surface does not place a separate duty upon defendants, as that is an obvious danger that children would be expected to appreciate and avoid. *Alop*, 154 Ill. App. 3d at 486-87, 507 N.E.2d at 22-23; see also *Young*, 162 Ill. App. 3d at 57, 515 N.E.2d at 782.

■ We next address whether the complaint sets forth facts sufficient to state a cause of action for wilful and wanton misconduct. As noted earlier, to establish wilful and wanton misconduct, a complaint must not only allege duty, breach, and proximate cause, it must also allege that defendants either intentionally injured plaintiff or acted in reckless disregard for his safety. (See *O'Brien*, 83 Ill. 2d at 469, 415 N.E.2d at 1018.) To establish reckless disregard for the safety of others, the complaint must allege *facts establishing* that defendants knew or should have known of the potential danger to children and yet failed to implement remedial measures. See *O'Brien*, 83 Ill. 2d at 469, 415 N.E.2d at 1018; *Corcoran*, 73 Ill. 2d at 330, 383 N.E.2d at 181-82.

Here, the allegations are sufficient to withstand defendants' motion to dismiss. Although plaintiff did not allege any intentional injury, he did allege that on prior occasions other children had fallen from the slide due to the alleged defective and dangerous condition of the slide. He further alleged that defendants acted in reckless disregard for the safety of plaintiff in that they knew of the prior accidents and that those accidents were a result of the alleged defective condition of the slide, but took no action to remedy the defects. Because of the necessity of closely scrutinizing the facts to determine wilful and wanton misconduct, the plaintiff should be allowed to present evidence to support his allegations in this case. (See *O'Brien*, 83 Ill. 2d at 469, 415 N.E.2d at 1018.) We find, therefore, that plaintiff has stated a cause of action for wilful and wanton misconduct as to both defendants.

For the foregoing reasons, we reverse the judgment and remand the cause to the circuit court of Lake County.

Reversed and remanded.

HOPF and DUNN, JJ., concur.