**Daniel CARTER and Gloria Carter, Plaintiffs,**

v.

**C. DIXON, P. Malachesen, M. Potiboti and Officer Rotkvich, Defendants.**

**No. 89 C 644.**

United States District Court, N.D. Illinois, E.D.

Sept. 7, 1989.

Gerald T. Donoghue, Leonard M. Ring and Associates, P.C., Chicago, Ill., for plaintiffs.

Kelly R. Welsh, Corp. Counsel, City of Chicago by Sharon A. Zogas, Asst. Corp. Counsel, Chicago, Ill., for defendants.

ORDER

BUA, District Judge.

Defendants, four Chicago policemen, arrested plaintiff Daniel Carter on December 25, 1987. Carter alleges that defendants used excessive force in effecting his arrest. Based on this allegation, Carter brings suit under 42 U.S.C. § 1983. He claims that defendants' use of force violated the Fourth, Fifth, and Fourteenth Amendments. Carter also asserts a state law claim of assault and battery. In addition, Carter's wife Gloria is suing defendants for loss of consortium based on the injuries that defendants allegedly inflicted on her husband. In response to plaintiffs' complaint, defendants raise several affirmative defenses. Plaintiffs now move to strike all of these affirmative defenses. The court grants plaintiffs' motion.

■ Initially, defendants claim that they are entitled to qualified immunity; but such immunity does not protect an official

whose conduct violated a clearly established constitutional right. *See Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987). In September 1987, the Seventh Circuit explicitly declared that "a police officer's use of force in arresting a suspect violates the Constitution if, judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Lester v. City of Chicago*, 830 F.2d 706, 713 (7th Cir.1987). Thus, at the time of Daniel Carter's arrest, defendants should have known that the use of unreasonable force in effecting an arrest violates the Constitution. For this reason, if plaintiffs can prove their allegations that defendants used unreasonable force, then defendants cannot properly invoke the doctrine of qualified immunity.

■ Defendants also claim immunity under the Illinois Tort Immunity Act, Ill.Rev. Stat. ch. 85, para. 2–202 (1987). This statutory immunity, however, does not apply to willful and wanton conduct. To state a claim for willful and wanton conduct under Illinois law, plaintiffs in the instant case "must allege not only duty, breach, and proximate cause, but also that defendants either intentionally injured [Carter] or acted in reckless disregard for his safety." *Scarano v. Town of Ela*, 166 Ill.App.3d 184, 187, 117 Ill.Dec. 72, 74, 520 N.E.2d 62, 64 (1988). By alleging that defendants used excessive force when arresting Daniel Carter, plaintiffs have adequately alleged willful and wanton conduct. Consequently, if plaintiffs can prove their allegations, the Illinois Tort Immunity Act will not shield defendants from liability.

Defendants' remaining affirmative defenses have no relevance to plaintiffs' claims. Defendants assert that the Illinois Tort Immunity Act, Ill.Rev.Stat. ch. 85, para. 2–109 (1987), immunizes the City of Chicago from liability. Plaintiffs, however, have not named the City as a defendant. Defendants' other two defenses rest on the premise that defendants had probable cause to arrest Daniel Carter. Contrary to defendants' assertion, the mere existence of probable cause does not excuse the use of excessive force in making an arrest.

In the event that plaintiffs can prove their allegations of excessive force, none of the affirmative defenses asserted in response to plaintiffs' allegations will shield defendants from liability. Therefore, the court grants plaintiffs' motion to strike all of defendants' affirmative defenses.