BAUER, APPELLANT, *v*. BUSH ET AL., APPELLEES.*

(No. 1542—Decided November 16, 1962.)

*Messrs. Kitchen, Messner & Leyshon*, for appellant.
*Messrs. Moulton, Ricksecker & Wagner*, for appellees.

*Per Curiam.* In this appeal on questions of law the appellant, plaintiff in the trial court, assigns error as follows:

---

*Motion and cross-motion to certify the record overruled (37954), April 24, 1963,

152

No. 1. "The trial court erred in overruling the motion of the plaintiff-appellant at the end of the defendant's testimony requesting judgment in favor of the plaintiff-appellant on the cross-petition of the defendant-appellee, the city of Galion, for the reasons that the defendant-appellee had not set forth either by evidence or in the petition, a cause of action for adverse possession or prescription against the plaintiff or the defendants, Daniel Bush or his heirs."

No. 2. "The trial court's refusal to quiet title to the 14-foot strip in plaintiff-appellant by reason of having acquired same by adverse possession, was manifestly against the weight of the evidence and contrary to law."

Under the first assignment of error appellant first claims that defendant city of Galion cannot prevail because of its failure to issue summons on its cross-petition for Daniel Bush and the unknown heirs of Daniel Bush. With respect to the disputed land, plaintiff is neither the assignee of, nor in privity with, Daniel Bush or his unknown heirs. On the facts of this case any objection to the failure to serve summons upon them is a right which may be asserted by them only and not by plaintiff. The failure, if any, to serve summons upon them might affect such rights as the defendant city would have under its judgment, but such failure, if any, would not constitute prejudicial error as to plaintiff.

Plaintiff's next contention is that defendant city has not acquired title to the 14-foot strip of land in question by adverse possession. Suffice it to say, the judgment of the trial court did not purport to find and determine that the defendant city has *acquired title* to the subject strip of land and merely purported to find that the "public has acquired an easement by prescription in this 14-foot strip for public alley purposes."

Plaintiff's next contention under assignment of error No. 1 is that defendant city has not "acquired any rights by prescription or easement through or by reason of the use of said 14-foot strip in question by the members of the public who testified in its behalf."

Although plaintiff claimed in argument that defendant city could not maintain the action in its cross-petition as a class suit, an examination of the cross-petition discloses that defendant city does not purport to represent the members of any class

nor has the court, in its judgment, found in favor of the members of a class but instead found in favor of defendant city in its public right.

The evidence was that prior to 1950, the year in which defendant city acquired adjoining land for park purposes, except for the use by plaintiff, a small number of persons residing in the neighborhood of the strip of land in question used it solely to travel to and from the two-acre tract of land for minor agricultural and garden purposes, or to provide coal and garbage hauling service to the rear of premises to the west of the strip. The strip was not used during such time by the public in general as a thoroughfare. From 1950 the use of the strip as a means of access to the two-acre tract for gardening and minor agricultural purposes was abandoned and any use thereafter pertained to the utilization of the two-acre tract of land for park purposes, and to serve plaintiff's premises and the premises to the west of the strip. Any theory that the 14-foot strip of land in question was thereafter considered by the defendant city, or anyone else, as a thoroughfare or "public alley," as determined by the trial court, is negatived by the fact that in 1957 defendant city, with its labor and materials, constructed a barricade at the park end of the 14-foot strip to prevent its further use as a means of ingress and egress to and from the public park.

In our opinion the user prior to 1950, being essentially of a private and not public nature, was not of the character that would acquire for the public a prescriptive right for public alley purposes over the 14-foot strip, and the user by the general public thereafter was, at best, for a period of merely seven years and not of such duration as to establish a prescriptive right. The user did not satisfy the requirements set forth in paragraph two of the syllabus of *Smith* v. *Krites*, 90 Ohio App., 38, reading:

"To enable the public to acquire a prescriptive right to the use of land for an alley, the user must be under a claim of right *by the public*, adverse to the owner *and continued, without substantial interruption or change, for a period of time equal to or longer than the statutory period of limitation* pertaining to actions for the recovery of real property." (Emphasis added.)

It is, therefore, the opinion and judgment of this court that

there was no evidence upon which the trial court could properly determine that the defendant city, or the public, had "acquired an easement by prescription in this 14-foot strip for public alley purposes," and that the judgment of the trial court on the cross-petition, being prejudicially erroneous to the plaintiff, be reversed and final judgment rendered on the cross-petition for plaintiff and against defendant city.

As to the appellant's assignment of error No. 2, there was no cross-appeal by the city or any other defendant so we will not consider whether the trial court committed error in finding plaintiff had "acquired an easement or right of way by prescription to use said 14-foot strip as a means of ingress and egress to plaintiff's house and garages as now constituted." Our only concern under this assignment is whether the trial court committed error in not finding that plaintiff had acquired title to the strip of land and quieting title in her.

However, title by adverse possession, as contrasted with a prescriptive right, may be acquired only when the possession of the property in question is exclusive in the person claiming such title. *Pennsylvania Rd. Co.* v. *Donovan*, 111 Ohio St., 341. There was substantial evidence of credible value that, during the same period of time the plaintiff had used the strip, the persons living on the premises adjoining and to the west of the strip had also used and possessed same for ingress and egress to and from the rear of their premises. This, in itself, without considering user by any other persons, deprived the plaintiff of exclusive possession of the premises in question, and the trial court did not commit error prejudicial to plaintiff by denying plaintiff's claim of title to such premises.

The judgment of the trial court on plaintiff's petition should be, and hereby is, affirmed.

*Judgment affirmed.*

GUERNSEY, P. J., MIDDLETON and YOUNGER, JJ., concur.