LOIS M. TAYLOR, Special Adm'r of the Estate of David E. Taylor, Deceased, Plaintiff-Appellant, v. GERRY'S RIDGEWOOD INC. *et al*, Defendant-Appellees.

Third District   No. 3—85—0401

Opinion filed March 11, 1986.—Rehearing denied April 17, 1986.

Philip A. Troha, of Troha, Troha & Bednarek, of Joliet, for appellant.

James P. Dorr and Aimee B. Anderson, both of Wildman, Harrold, Allen & Dixon, of Chicago, and Stephen B. Luzbetak, of Luzbetak, Zupancic & Caneva, of Lockport, for appellees Sturm, Ruger & Co. and Larry Rinkenberger.

Andrew H. Marsch and John H. Wilhelm, both of Andrew H. Marsch Law Offices, of Wheaton, for appellee Gerry's Ridgewood, Inc.

JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal from a summary judgment entered by the circuit court of Will County in favor of the defendants. Lois M. Taylor, as special administrator of the estate of David E. Taylor, sued to recover damages for the shooting death of her husband. Counts V, X and XI of plaintiff's amended complaint are before this court on appeal.

Count V of the complaint alleged negligence on the part of the defendant, Gerry's Ridgewood Inc., d/b/a The Ridgewood Tavern (Ridgewood). Count X sounded in strict products liability against the defendants, Sturm, Ruger and Company (Ruger) and Larry Rinkenberger, individually and d/b/a Rink's Gun and Sport (Rink's). Count XI was a negligence claim against the count X defendants. The above-named defendants constitute the owner of the tavern at which the firearm was allegedly openly displayed, the firearm's manufacturer and the retailer who sold the firearm respectively.

On August 30, 1982, Donald Gossen purchased from defendant Rink's a new Ruger Redhawk revolver. The firearm was a .44 magnum double-action revolver. Several days after purchasing the revolver, Gossen went to a nearby tavern, Ridgewood, where he joined Ronald Cercello and David Taylor. After he had been there about one hour, Gossen went to his car and returned with two concealed firearms, one of which

was the .44 Ruger. Keeping the firearms below the bar level, Gossen displayed them to the people sitting around him. He had the guns out a couple of minutes and then put them back in his car.

Later that evening, David Taylor, Gossen, Cercello and three other people left the tavern for Cercello's house. By this time, all three of the named parties had been drinking steadily for several hours. At Cercello's house the parties sat around the kitchen table drinking beer. Gossen returned to his car and brought the loaded Ruger Redhawk revolver into the house. The testimony as to the ensuing events is somewhat contradictory. A game of Russian roulette began. At this time the revolver was allegedly not loaded. After a while, the revolver was placed on the table and the men talked. When Gossen was preparing to leave, he reloaded the revolver and announced that it was now loaded and that it should be left alone. Gossen then placed the Ruger Redhawk back on the table. Apparently, Ronald Cercello never heard Gossen's announcement and admonishment. Wishing to continue the game, he picked up the revolver, pointed it directly at the head of David Taylor and pulled the trigger. The gun discharged and Taylor was killed.

Count V of the plaintiff's amended complaint is a negligence action for the wrongful death of David Taylor. On appeal, the plaintiff argues that a material issue of fact existed as to whether the tavern owner, through its employees, breached a duty to the plaintiff. The plaintiff contends that because she presented a *prima facie* case against Ridgewood, the trial court erred in granting the defendant's motion for summary judgment. Without addressing the arguments presented by plaintiff's brief on the issue of duty, we note that even if we were to find that Ridgewood had breached a duty, plaintiff did not establish a *prima facie* case.

■ One of the elements of negligence which must be proven by plaintiff to establish a *prima facie* case of negligence is proximate cause. (*Smith v. General Paving Co.* (1978), 58 Ill. App. 3d 336.) Before liability attaches, plaintiff must demonstrate that there is a nexus between the negligent act or omission and the injury suffered. *McInturff v. Chicago Title & Trust Co.* (1968), 102 Ill. App. 2d 39; *Clinton v. Commonwealth Edison Co.* (1976), 36 Ill. App. 3d 1064.

We find that as a matter of law that there is no causal relation between the act complained of, failure to call the police, and the injury for which recovery is sought. An examination of the facts surrounding the death of David Taylor reveals that the plaintiff has been pursuing a will o' the wisp down a false trail of causation.

■ The time, manner and place of Taylor's death are so remote as

to preclude Ridgewood's liability. The record indicates that Taylor died 2½ hours after leaving Ridgewood's tavern. Death resulted from a gunshot wound to the head inflicted by the deliberate action of Ronald Cercello. We are at a loss to understand how the instant defendant's alleged negligence could have been a substantial factor in causing Taylor's death. Were we to suppose that if the police were called and if the offending weapon removed, then Russian roulette would not have occurred with one of Gossen's other guns and then David Taylor would still be alive? Aware of the risk of restating the obvious, we conclude that the trial court properly granted Ridgewood's motion for summary judgment.

Accordingly, we affirm the summary judgment against count V of plaintiff's amended complaint.

Count X of the complaint is a strict liability claim. It is alleged that the double-action revolver was unreasonably dangerous. The difference between a double-action revolver and a single-action revolver is that a single-action revolver requires the hammer to be cocked manually before firing, whereas a double-action revolver can be fired by merely pulling the trigger. It is called "double-action" precisely because the act of pulling the trigger both cocks the gun and fires the cartridge. The plaintiff contends the .44 Ruger Redhawk revolver is defective because it lacks a mechanism to prevent unintentional discharge. In essence, it is asserted that two deliberate acts should be required before the revolver can be fired: the act necessary to disengage the safety and the act necessary to pull the trigger.

The Ruger Redhawk is equipped with a number of safety devices. The safety features incorporated into the revolver are equal to or exceed those available on other double-action revolvers currently commercially produced. They operate to ensure that only an act of volition will produce a discharge. In order to move the trigger sufficiently to produce a discharge, a shooter must deliberately insert his finger through the trigger guard and then pull the trigger through its entire double-action arc. This action requires more force and movement than a mere finger pull of a cocked single-action revolver. Thus, the trigger pull of the Ruger Redhawk also served as a safety mechanism. When the Ruger Redhawk is in the double-action mode, 10½ pounds of force must be applied in order to cock the hammer and then cause the hammer to fall. Whereas, when the Ruger Redhawk is in the single-action mode the trigger is pulled through a shorter arc and only 4¾ pounds of force is required to cause the hammer to fall. This force must be proceeded by the separate force required to fully cock the hammer. To illustrate his testimony, plaintiff's expert witness incorporated into the

revolver a manual safety and an automatic safety. The expert opined that both devices were feasible alternatives which were available to the defendant when the revolver was manufactured. Initially, the plaintiff argues that once competent expert evidence has been produced attesting that the product is defective and a feasible alternative design demonstrated, the issues of causation and product defect are issues for the jury. The plaintiff cites several cases to support her proposition, all of which are inapposite, since the plaintiff failed to demonstrate that the revolver was defective or improperly designed.

■■ A motion for summary judgment should be granted if the record shows no material issue of fact. (*Fuller v. Fend-All Co.* (1979), 70 Ill. App. 3d 634.) The fact that an injury has occurred is not in itself sufficient to prove the existence of a product defect. In a cause of action based on strict liability in tort, a plaintiff must prove that the injury resulted from an unreasonably dangerous condition of the product. A product contains an unreasonably dangerous condition when it fails to perform in the manner reasonably to be expected by the ordinary consumer in light of its nature and intended function. (*Dunham v. Vaughan & Bushnell Manufacturing Co.* (1969), 42 Ill. 2d 339.) To hold the manufacturer liable, the plaintiff must also prove that this condition existed at the time the product left the control of the manufacturer. (*Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104.) A manufacturer is not under a duty in strict liability to design a product incapable of causing injury. (*Van Dettum v. K mart Corp.* (1985), 133 Ill. App. 3d 861, 863.) In order to be entitled to recovery in strict liability, the plaintiff must show that there is something wrong with the product in question. Lack of proof of product's defect is fatal to recovery regardless of the product's proclivity for harm.

■■ In reaching our decision, we assume that Cercello did not intend to kill David Taylor and that he did not believe the revolver was loaded. We find that as a matter of law the .44 magnum double-action Ruger Redhawk revolver is not defective. The fact that all single-action revolvers require two distinct steps in order to fire, does not lead the ordinary consumer to expect that double-action revolvers will require a two-step firing process. In the case at bar, Cercello fully intended to perform the physical actions necessary to fire the weapon. He deliberately picked it up, inserted his finger through the trigger guard, pointed it at the head of David Taylor and pulled the trigger. The loaded revolver fired when Cercello pulled the trigger. This is precisely the operation of the product which, according to its function, is reasonably to be expected. In fact, had it failed to perform, such failure would have shown it to be defective. In short, it performed according to its

design. Only a defective person would fail to realize the obvious dangers associated with these actions. Cercello himself was fully aware that the actions he was performing would cause the gun to discharge if it were loaded.

A loaded firearm must be considered dangerous. It is an instrument of death. That is its primary function. Yet, only deliberative action will cause discharge. When properly handled, the gun can be safely used. When Donald Gossen placed the loaded revolver on the kitchen table of Cercello's house, he consciously disregarded safe firearm techniques. A manufacturer need not incorporate safety features into its products so as to guarantee that no harm will come to every user no matter how careless or even reckless. *Robinson v. Reed-Prentice Division* (1980), 49 N.Y.2d 471, 480-81, 403 N.E.2d 440, 444.

■ Count XI of the plaintiff's complaint sounded in negligence and alleged that the revolver lacked adequate safeguards and warnings.

While failure to warn can make a product unreasonably dangerous, there is no duty to warn where the product is not defectively designed or manufactured and where the possibility of injury results from a common propensity of the product which is open and obvious. (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456.) We find the warnings provided by Sturm, Ruger were extensive and adequate. Rollmarked directly into the steel of the barrel is a warning to read the instruction manual before use. Where a warning has been communicated, a manufacturer is entitled to assume that the user will read and follow the furnished instructions. *Curry v. Louis Allis Co.* (1981), 100 Ill. App. 3d 910.

The owner's manual which accompanied the revolver details the basic rules of safe firearm technique. The plaintiff's expert testified at his deposition that had the warning on the barrel and the warnings in the manual been followed, the shooting would not have occurred. Moreover, the potential of a firearm to discharge when the trigger is pulled is a danger which is open, obvious and well known to all.

We find the trial court correctly granted a summary judgment in favor of the defendants. We further find that the .44 Ruger Redhawk double-action revolver was not defective and was accompanied by adequate warnings.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.