EDUARDO KOKOYACHUK, Plaintiff-Appellant, v. AEROQUIP CORPORATION, Indiv. and d/b/a Industrial Division, *et al.*, Defendants-Appellees.

First District (1st Division) No. 86—2045

Opinion filed June 30, 1988.—Rehearing denied August 11, 1988.

Steinberg, Polacek & Goodman and David A. Novoselsky & Associates, both of Chicago (Bruce D. Goodman, David A. Novoselsky, and Kathleen M. Krist, of counsel), for appellant.

Phelan, Pope & John, Ltd., of Chicago (Mary Patricia Benz and Anna M. Voytovich, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

Eduardo Kokoyachuk (Eduardo), an employee of Bressler Ice Cream Company who was injured while unloading a refrigerated trailer, filed suit against Thermo King Corporation, (Thermo King), manufacturer of the refrigeration unit contained in the trailer for allegedly manufacturing an unreasonably dangerous product. The trial court granted summary judgment in favor of Thermo King and plaintiff appeals.

For the reasons that follow, we affirm the decision of the trial court.

While unloading ice cream from a refrigerated trailer, plaintiff slipped on ice within the trailer, falling and injuring himself. He filed suit against Thermo King alleging that it had designed, manufactured and distributed an unreasonably dangerous and defective refrigeration unit. The refrigeration unit in question is a front-mounted, self-contained high capacity cooling and heating unit for large trailers. It was designed to maintain the temperature within a trailer between -20° F and +80° F. Depending on the product being transported, the unit could function as either a heating or cooling device. It is equipped with a blower which discharges the cooled or heated air into the trailer in order to circulate it throughout the trailer. Plaintiff claims that the unit is defective because when set to maintain a temperature of -20° F within the trailer, it would draw in warm air from the outside of the trailer when the door was opened and this would facilitate the formation of ice and snow within the trailer.

Thermo King moved for summary judgment arguing that there was no evidence that the refrigeration unit was unreasonably dangerous or that Thermo King had breached any duty owed to the plaintiff. Plaintiff relied on the opinion of John Stilson, a safety and automotive consultant, and the deposition testimony of Richard O. Mason, manager of the truck and trailer division of Thermo King, to create a question of fact. Mr. Stilson opined that the design of the unit, the lack of safety devices and the defendant's failure to warn contributed to the accident. Mr. Mason had testified that available safety devices, if attached to the trailer, may have lessened the ice formation within the trailer. The trial court found that the refrigeration unit was not unreasonably dangerous and granted summary judgment in favor of the defendant.

■ On appeal, plaintiff claims that the trial court erred in granting summary judgment because a genuine question of fact exists as to whether the refrigeration unit designed by Thermo King was unreasonably dangerous and whether a warning was necessary. Plaintiff presents several arguments, the first of which does not address the merits of the cause, but rather focuses on the conduct of the trial court. He argues that summary judgment was improper because it was granted on what the court *sua sponte* determined the issue to be. He maintains that he was prejudiced at the hearing of the cause because the trial court analyzed the pleadings and required him to establish that he was owed a duty by the defendant, an "issue" which he was not prepared to address. Plaintiff contends that through this conduct the court became his "opponent," and consequently, he was denied a fair hearing.

This argument is entirely without merit. Section 2—1005(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c)) imposes a duty on the trial court to examine all of the pleadings, depositions, admissions and affidavits on file to determine whether the moving party is entitled to summary judgment as a matter of law. The existence of duty is a question of law properly decided on summary judgment because absent a legal duty, there can be no recovery in negligence as a matter of law. (*Risner v. City of Chicago* (1986), 150 Ill. App. 3d 827, 830, 502 N.E.2d 357.) Plaintiff never requested additional time to respond to this new "issue" but rather argued the motion on its merits. By arguing on appeal that he was prejudiced because the court examined the pleadings and required that he establish the existence of a duty, plaintiff is arguing that he was prejudiced because the court followed the law. Since plaintiff's position is untenable this argument will be dismissed summarily.

Plaintiff's second argument is that summary judgment was improper because a material question of fact exists as to whether the product was unreasonably dangerous. Plaintiff maintains that Thermo King should be liable under both strict liability and negligence theories for designing and manufacturing a refrigerator unit that contained a blower system which drew air from the exterior of the trailer into the interior of the trailer and thus caused a layer of ice to accumulate inside of the trailer and for failing to provide a device to shut the unit off during unloading. He contends that even though Thermo King did not design or manufacture the trailer in which the refrigeration unit was housed, as the manufacturer of a component part, the defendant can be held liable when the part malfunctions even after it is integrated into another unit.

To state a cause of action in strict liability in tort, a plaintiff must plead and prove three elements: (1) the injury resulted from a condition of the product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed at the time the product left the manufacturer's control. (*Mason v. Caterpillar Tractor Co.* (1985), 139 Ill. App. 3d 511, 517, 487 N.E.2d 1043.) A product is unreasonably dangerous when it fails to perform in the manner reasonably to be expected in light of its nature and intended function. (*Dunham v. Vaughan & Bushnell Manufacturing Co.* (1969), 42 Ill. 2d 339, 342, 247 N.E.2d 401; *Walker v. Maxwell City, Inc.* (1983), 117 Ill. App. 3d 571, 575, 459 N.E.2d 917.) The fact that an injury has occurred in and of itself is insufficient to prove the existence of a product defect. (*Taylor v. Gerry's Ridgewood, Inc.* (1986), 141 Ill. App. 3d 780, 784.) The plaintiff must show that the injuries derive from a distinct defect in the product which subjects those exposed to the product to an unreasonable risk of harm. (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 211, 384 N.E.2d 368.) When the part in question is integrated into another product, the manufacturer of a component part may be liable where the assembler made no substantial change in the component part and the injury is directly attributable to a defect in that part. *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 623, 210 N.E.2d 182; *Thomas v. Kaiser Agricultural Chemicals* (1980), 81 Ill. 2d 206, 216, 407 N.E.2d 32.

For a plaintiff to prevail under a theory of design negligence, he must show that the quality of a particular product is insufficient and that the duty of care on the part of the manufacturer required it to design something safer for the user. (*Flaugher v. Sears, Roebuck & Co.* (1978), 61 Ill. App. 3d 671, 675, 378 N.E.2d 337.) Under both theories of liability, the plaintiff has the burden of proving

the existence of a defective condition in the product at the time it left the manufacturer's control. *Willeford v. Mayrath Co.* (1972), 7 Ill. App. 3d 357, 361.

In the present case, it is important to note that the plaintiff does not contend that the refrigeration unit malfunctioned in any way. Rather, he contends that because it was foreseeable that the unit may be used to cool a trailer hauling ice cream, the availability of safety devices which may have decreased the formation of ice within the trailer created a question of fact as to whether the unit was unreasonably dangerous. Specifically, plaintiff contends that either curtains on the doors of the trailer or a door switch which would automatically shut the refrigeration unit off when the doors were opened should have been installed.

 In determining whether a product is unreasonably dangerous, the crucial question is whether the product in its present state is dangerous because it failed to perform in the manner reasonably to be expected in light of its nature and intended function, not whether the product could have been made safer. (*Fuller v. Fend-All Co.* (1979), 70 Ill. App. 3d 634, 638, 388 N.E.2d 964.) Products liability does not make the manufacturer an insurer of all foreseeable accidents which involve its product and the availability of an alternative design does not translate into a legal duty in products liability. (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 210, 384 N.E.2d 368.) A manufacturer is not under a duty in strict liability to design a product which is totally incapable of injuring those who foreseeably come into contact with the product. *Taylor v. Gerry's Ridgewood, Inc.* (1986), 141 Ill. App. 3d 780, 784, 490 N.E.2d 987.

 ██ There is nothing in the record to indicate, nor is it contended by the plaintiff, that the refrigeration unit in question was not operating properly at the time of the accident. The safety devices referred to by the plaintiff (*i.e.,* curtains or an automatic shutoff switch) are not part of the refrigeration unit itself, but must be installed in the trailer. At the time the trailer was being assembled, it was no longer within the control of the defendant, and there is nothing in the record to indicate that Thermo King had authority to instruct the manufacturer of the trailer as to its assembly. Furthermore, there is no evidence to indicate that had these devices been installed, they would have prevented the plaintiff's injuries. On the contrary, Louis Hine, a mechanical engineer employed by Thermo King, testified that any time the air outside the trailer was warmer than the air inside the trailer, when the doors were opened the heavy cold air inside the trailer would leave as warm air tried to replace it in a gravity effect.

Thus, the warm outside air would be drawn inside the trailer and ice would form whether the unit was turned on or off. It is well settled that injures are not compensable if they are caused by inherent properties of a product which are obvious to all who come in contact with the product. (*Miller v. Dvornik* (1986), 149 Ill. App. 3d 883, 888, 501 N.E.2d 160.) Since it is an inherent property of a refrigerator to draw in warmer air, we conclude that the trial court properly determined that the unit was not unreasonably dangerous as a matter of law.

■■ ■ Plaintiff's final contention concerns the defendant's duty to warn. Generally, a duty to warn exists when there is unequal knowledge and the defendant, possessed of such knowledge, knows or should know that harm might occur if no warning is given. (*Miller v. Dvornik* (1986), 149 Ill. App. 3d 883, 889, 501 N.E.2d 160.) The purpose of a warning is to apprise the party of a danger of which he has no knowledge and thereby enable him to take appropriate measures to protect himself. (*Mazikoske v. Firestone Tire & Rubber Co.* (1986), 149 Ill. App. 3d 166, 174, 50 N.E.2d 622.) Where the danger is obvious and generally appreciated, nothing is gained by a warning and none is required. (*Mason v. Caterpillar Tractor Co.* (1985), 139 Ill. App. 3d 511, 518, 487 N.E.2d 1043.) The determination of whether a duty to warn exists is normally a question of law; however, when the record is in dispute, it becomes a question of fact. *Fuller v. Fend-All Co.* (1979), 70 Ill. App. 3d 634, 638, 388 N.E.2d 964.

■■ Here, the record is not in dispute. At his deposition the plaintiff testified that he was aware that when the doors of the trailer were opened air would come into the trailer and that there would be condensation, ice and snow on the floor. He indicated that he knew that the floor was slippery and that he had to walk carefully. From these statements it is apparent that the plaintiff was familiar with the allegedly dangerous propensity of the trailer and that he appreciated the obvious danger of walking on ice. As it would have been futile to warn the plaintiff of a condition of which he was aware, no warning was required. Since no issue of material fact exists, summary judgment was proper.

Judgment affirmed.

QUINLAN and O'CONNOR, JJ., concur.