JAMES McCOLGAN *et al.*, Plaintiffs-Appellants, v. ENVIRONMENTAL CONTROL SYSTEMS, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—89—1400

Opinion filed April 5, 1991.

Leonard M. Ring & Associates, P.C., of Chicago (Leonard M. Ring and William J. Jovan, of counsel), for appellants.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNard, Richard J. Rettberg, and Christine L. Olson, of counsel), for appellee Environmental Control Systems, Inc.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, Lloyd E. Williams, Jr., and Lawrence K. Rynning, of counsel), for appellee Shamrock Mine Products, Inc.

Martha A. Churchill, of Chicago, for *amicus curiae* Mid-America Legal Foundation.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff James McColgan appeals from the circuit court's entry of summary judgment in favor of Environmental Control Systems, Inc. (ECS), a manufacturer of curtains used in underground mines, and Shamrock Mines Products, Inc. (Shamrock), the distributor of the curtains. The sole issue on appeal is whether the trial court properly entered summary judgment in favor of the defendants.

Plaintiff was employed as an electrician for the Zeigler Coal Company. On November 16, 1977, as plaintiff was repairing a coal drill near a yellow opaque "pull through" curtain, used to control ventilation in underground mining, he was struck by a shuttle car which traveled through the curtain. Plaintiff sustained crippling injuries and brought an action in the circuit court of Cook County alleging strict

liability against defendants. Plaintiff alleged that the ventilation curtain was unreasonably dangerous because it blocked the vision of those in the mine and the defendants had a legal duty to warn of the danger. In addition, plaintiff's wife, Delores McColgan, alleged a loss of consortium action.[1]

Both ECS and Shamrock filed motions for summary judgment alleging that they had no duty to warn plaintiff of the inherent opaque condition of the curtain, which was open and obvious. In support of their motions, defendants pointed out that, according to plaintiff's own deposition testimony, he was aware of the fact that neither he nor others were able to see through the yellow opaque curtain. In addition, ECS cited to the deposition of John E. Brannon, president of Shamrock, who stated that he met with Zeigler's vice-president of operations in 1971 or 1972, and showed him samples of various curtain material, including a translucent material. According to Brannon, he explained to the vice-president the safety features of the translucent material, such as the fact that light could be detected through the translucent curtain.

Furthermore, Ernest M. Spokes testified as an expert for both defendants. Spokes stated that transparent materials could not have been used for ventilation curtains in the coal mine because no such material had been approved for such use at the time. Regarding the obviousness of the danger to the plaintiff, Spokes stated that plaintiff had no reason to believe that the shuttle car would come through the entry, but as a safe workman, he should have taken some care to make his presence known.

In response to defendants' motions for summary judgment, plaintiff pointed out that he had frequently worked near opaque curtains and that he had never before known a car to tram through a curtain where men were working. Plaintiff also noted that William S. Overton, the president of ECS, admitted that no one employed as a consultant by ECS had knowledge of the mining business and that he was not concerned, nor did he ever express to Zeigler or Shamrock any concern, about the safety or the manner in which the yellow opaque curtains were used.

In addition, plaintiff relied on the deposition testimony of David MacCollum, a safety specialist. In MacCollum's opinion, the opaque curtain was unreasonably dangerous and therefore the defendants

---

[1]This opinion will only discuss plaintiff James McColgan's causes of action since Delores McColgan's loss of consortium action is derivative of her husband's claim.

should have prevented the occurrence of a dangerous situation by either: (1) displaying the word "danger" on both sides of the curtain; (2) warning the user that the curtain was not to be used in areas where vehicles could pass through; (3) placing a warning sign on both sides of the curtain stating that nothing should be parked behind a curtain and that vision is obstructed from the other side; (4) including windows of translucent material on the curtain; or (5) including a warning in the training manual explaining the hazards of using an opaque curtain in front of equipment.

Plaintiff also referred to 16 investigative reports of accidents involving opaque curtains, prepared by the Department of Mines of the United States Department of the Interior. None of the reported accidents, however, involved a curtain manufactured by ECS or sold by Shamrock.

After a hearing, the trial court granted defendants' motions for summary judgment, finding that plaintiff's injuries were derived from the inherent properties of the product which were open and obvious to him. Therefore, the trial court concluded that the opaque curtain was not unreasonably dangerous and a warning was not necessary. Plaintiff then filed a motion for reconsideration and a motion for leave to file a second amended complaint adding a negligence count against both ECS and Shamrock. The trial court denied the motion for reconsideration but granted plaintiff's motion for leave to file a second amended complaint. The trial court later entered summary judgment in favor of both ECS and Shamrock on the second amended complaint.

Plaintiff contends that the trial court erred in granting summary judgment because a genuine issue of material fact exists as to whether the opaque ventilation curtain was unreasonably dangerous and whether a warning was necessary. We affirm.

■ To recover in strict liability in tort, a plaintiff must prove that his injuries resulted from an unreasonably dangerous or defective condition of the product and that the condition existed at the time the product left the manufacturers control. (*West v. Deere & Co.* (1990), 201 Ill. App. 3d 891, 559 N.E.2d 511, *appeal allowed* (1990), 135 Ill. 2d 568, 564 N.E.2d 511.) A product is found to be unreasonably dangerous when it fails to perform in the manner reasonably expected in light of its nature and function. (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368.) A product may be unreasonably dangerous in one of two ways: because of (1) a design or manufacture defect or (2) a failure to warn of a danger posed by the product of which the average consumer would not be aware. *Lamkin v. Towner* (1990), 138 Ill. 2d 510, 563 N.E.2d 449.

■ It is well settled that injuries are not compensable under strict liability law if they are caused by those inherent propensities of a product which are obvious to all who come in contact with the product. See, e.g., *Lara v. Thoro-Matic Vacuum Systems, Inc.* (1990), 194 Ill. App. 3d 781, 551 N.E.2d 390 (vacuum cleaner was not defective as a matter of law where plaintiff was injured due to her failure to guard against tripping over cord, which is an obvious condition and an inherent propensity of an electric vacuum cleaner); *Kokoyachuk v. Aeroquip Corp.* (1988), 172 Ill. App. 3d 432, 526 N.E.2d 607 (summary judgment upheld on the grounds that the refrigeration unit was not defective based on its inherent tendency to cause icy condensation on the floor on which the plaintiff slipped); *Hubbard v. Chicago Housing Authority* (1985), 138 Ill. App. 3d 1013, 487 N.E.2d 20 (hot steam pipes could not be found to be defective because the hot surface of the pipes was a common property of steam pipes).

Thus, while plaintiff contends that "the open and obvious rule is being eroded into oblivion by courts that have directly considered it," this is simply not so. The case *Wards v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223, relied upon by plaintiff in support of his argument that the open and obvious danger rule does not absolve the defendants from liability, is distinguishable from the instant case in light of the fact that *Wards* was based on premises liability and not products liability.

■ In the case at bar, there is nothing in the record to indicate that the opaque ventilation curtain was either defective or unreasonably dangerous. There is simply no suggestion of a defect in the opaque curtain which affected its intended or actual use—to control ventilation in the mine. Plaintiff contends that the opaque ventilation curtain is unreasonably dangerous because the curtain obstructed the visibility of workers in the mine. Plaintiff's argument is unpersuasive, however, since the opaque characteristic of the ventilation curtain is an inherent condition of the curtain, known and obvious to all persons coming in contact with the curtain. Plaintiff even admitted that he and others could not see through the opaque curtain.

■ We now turn to the question of whether the opaque curtain was unreasonably dangerous in light of the fact that it was sold without a warning. The determination of whether a duty to warn exists is a question of law and not of fact. (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465.) Generally, a duty to warn exists when there is unequal knowledge and the defendant possessed with such knowledge knows or should know that harm might occur if no warning is given. (*Clark v. Penn Versatile Van* (1990), 197 Ill. App. 3d 1, 554

N.E.2d 643.) The purpose of a warning is to apprise a party of a danger of which he has no knowledge and thereby enable him to take appropriate measures to protect himself. (*Huff v. Elmhurst-Chicago Stone Co.*(1981), 94 Ill. App. 3d 1091, 1099, 419 N.E.2d 561.) However, when a danger is obvious and generally appreciated, nothing of value is gained by a warning and none is required. *West v. Deere & Co.* (1990), 201 Ill. App. 3d 891, 559 N.E.2d 511, *appeal allowed* (1990), 135 Ill. 2d 568, 564 N.E.2d 511.

■ In our case, the fact that one could not see through the opaque curtain to the other side is undoubtedly an open and obvious condition of the curtain. Plaintiff was, according to his own testimony, aware of the inability to see through the curtain. Thus, a warning would have served no purpose.

This conclusion is supported by *Davis v. R.H. Dwyer Industries, Inc.*, (E.D. Pa. 1982), 548 F. Supp. 667, a case similar to the present case. In *Davis*, the plaintiff sued the manufacturer of a curtain used in a car wash for injuries he suffered when he was struck by a car driven through the opaque curtain. Plaintiff claimed that the product was defective because it was opaque, and thus the driver was unable to see through it. The court held that the manufacturer had no obligation to provide a warning of the curtain's propensity to become opaque. The court reasoned that the lack of warning concerning the curtain's propensity to become opaque did not cause the accident and would have served no purpose. Such a warning would merely have informed the car wash employees that the material could become opaque, which was apparent to anyone who looked at the curtain. *Davis*, 548 F. Supp. at 671.

Likewise, in the case at bar, the defendants had no duty to warn of the opaque condition of the curtain, which was open and obvious. Therefore, the trial court properly entered summary judgment in favor of defendants on the strict liability counts.

Finally, although plaintiff's brief mentions the negligence counts of the second amended complaint, plaintiff has failed to offer any authority in support of these counts. Plaintiff has therefore waived his argument as to the negligence counts, under Supreme Court Rule 341(e)(7) (113 Ill. 2d R. 341(e)(7)).

Accordingly, we affirm the trial court's entry of summary judgment in favor of the defendants.

Judgment affirmed.

MURRAY and GORDON, JJ., concur.