ROBERT COZZI, JR., a Minor, by his Father and Next Friend, Robert Cozzi, Sr., Plaintiff-Appellant, v. NORTH PALOS ELEMENTARY SCHOOL DISTRICT No. 117 *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—90—1773

Opinion filed July 14, 1992.

Robert A. Clifford & Associates, of Chicago (Robert A. Clifford, Keith A. Hebeisen, and Robert P. Sheridan, of counsel), for appellant.

Law Office of Cairns & Levin and Kralovec, Marquard, Doyle & Gibbons, Chartered, both of Chicago (Nancy Jo Arnold and Sara T. Wiggs, of counsel), for appellees.

JUSTICE McCORMICK delivered the opinion of the court:

Robert Cozzi, Jr., by his father and next friend, Robert Cozzi, Sr., sued North Palos Elementary School District No. 117 (North Palos), and Northwest Design Products, Inc. (Northwest Design), for personal injuries sustained in an accident on a school playground. The trial court granted defendants' motions for summary judgment and plaintiff appeals.

Plaintiff's second-amended complaint alleged that North Palos was negligent in maintaining the jungle gym and in failing to warn of the danger of the jungle gym. Plaintiff also alleged that North Palos' actions amounted to wilful and wanton conduct. As against Northwest Design, plaintiff alleged that Northwest Design negligently designed the jungle gym, failed to warn of its danger and manufactured the jungle gym in an unreasonably dangerous manner.

Defendants filed motions for summary judgment based on the plaintiff's deposition. In his deposition plaintiff stated that he was injured while playing on a jungle gym manufactured by Northwest Design Products. He was 11 years old at the time of the incident, which occurred after school hours on the grounds of a school in North Palos Elementary School District. Plaintiff testified that he was sitting on the second level from the top of the jungle gym when he heard someone call his name. He turned his head to look and slipped backwards, catching other bars underneath his armpits. Plaintiff kept twirling to get back to a position where he could handle himself. He tried to grab the bar, but he panicked, and fell onto the wood chips under the jungle gym. Plaintiff also testified that the jungle gym was normal, not icy or wet, and that he knew that he could hurt himself if he fell off the jungle gym.

In opposition to defendants' motions for summary judgment, plaintiff did not present affidavits or other evidence to the court. Defendants' motions were granted. Plaintiff subsequently filed a motion to vacate and reconsider and attached an affidavit stating that he had fallen because of the slipperiness of the bars. The court denied the motion.

On appeal, plaintiff contends that summary judgment was improperly granted because a genuine issue of material fact exists regarding the cause of his accident.

The standards governing whether a summary judgment should be granted are set forth in section 2—1005(c) of the Illinois Code of Civil Procedure, which provides in relevant part:

"The judgment sought shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).)

Summary judgment is a remedy that must be awarded with caution in order to avoid preempting a litigant's right to trial by jury or his right to fully present the factual basis of a case where a material dispute may exist. (*Wysocki v. Bedrosian* (1984), 124 Ill. App. 3d 158, 164, 463 N.E.2d 1339.) It is well established that, on a motion for summary judgment, the trial court must construe the pleadings, affidavits, depositions, and admissions on file against the moving party and in favor of the opponent of the motion. (*Wysocki*, 124 Ill. App. 3d at 164.) However, "[w]hile a plaintiff responding to a motion for summary judgment is not required to prove his case at the summary judgment stage, he must, nevertheless, present some evidentiary facts to support the elements of his claim." *Phillips v. United States Waco Corp.* (1987), 163 Ill. App. 3d 410, 416, 516 N.E.2d 670.

### I. NORTH PALOS ELEMENTARY SCHOOL DISTRICT No. 117

The general rule regarding the liability of an owner or occupier of land upon which a child is injured was articulated in *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836. The court held that the ordinary principles of negligence determine a landowner's liability. (*Kahn*, 5 Ill. 2d at 625.) Therefore, to survive summary judgment, plaintiff must present evidence to show that defendant had a duty to plaintiff, breached that duty, and the breach proximately caused plaintiff's injury.

■ Where the owner or occupier knows, or should know, that young children frequent the area where a dangerous condition is present, and because of their immaturity, the children are not able to appreciate the risk involved, defendant has a duty to remedy the dangerous condition. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 286, 464 N.E.2d 1023.) There is no duty to remedy the condition if it involves risks that children would be expected to appreciate and avoid. *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 485, 507 N.E.2d 19.

In *Alop*, a six-year-old child fell off a playground slide, onto an asphalt surface, and sued the owner and manager of the playground. Summary judgment was granted for the defendants and plaintiff appealed. The appellate court affirmed the trial court, concluding that the slide on the asphalt surface did not create a dangerous condition because the risk the slide presented to children was an obvious one. Consequently,

the court found that defendants did not owe a duty to plaintiff to have placed the slide on a softer surface than asphalt.

The facts of the case at bar are similar to those of *Alop*. Both cases involve appeals from summary judgments, and both plaintiffs fell off recreational equipment that was of some height. The plaintiff in the instant case was older and could appreciate the risk of playing on the 11-foot jungle gym more than the six-year-old in *Alop* could appreciate the risk of playing on a slide.

The court followed *Alop* in *Young v. Chicago Housing Authority* (1987), 162 Ill. App. 3d 53, 515 N.E.2d 779, where a five-year-old child fell from monkey bars onto a concrete surface. The court applied the reasoning of *Alop*, stating that "the same commonsense principle applies to both cases: if you fall, you might get hurt. This is an obvious risk that children generally encounter in their daily lives when at a playground." *Young*, 162 Ill. App. 3d at 57.

■ Plaintiff contends that the trial court's reliance on the holdings in *Alop* and *Young* is misplaced. According to plaintiff, North Palos owed him a duty to remedy the condition of the jungle gym, and cited to *Scarano v. Town of Ela* (1988), 166 Ill. App. 3d 184, 520 N.E.2d 62, as support. In *Scarano*, a young boy fell off of a slide. He alleged that the slide was defective because the handrails were worn, slippery and loose. The court found that the defendant had a duty to remedy the condition of the handrail. The court concluded that a slide with defective handrails was a greater risk that children would normally not appreciate. (*Scarano*, 166 Ill. App. 3d at 190.) The case at bar is distinguishable from *Scarano* in that it involves an obvious danger, while *Scarano* involved a latent defect of a protective device. The bars on the jungle gym enable children to swing and move about. This is the purpose of the jungle gym. The danger involved in doing so was apparent.

■ In addition to allegations of negligence, plaintiff contends that defendant's conduct was wilful and wanton. Wilful and wanton conduct can be established once there is a finding of duty, breach of that duty, proximate cause and an intent to injure plaintiff or reckless disregard for his safety. (*Scarano*, 166 Ill. App. 3d at 187.) In the case at bar, there can be no finding of wilful and wanton misconduct in the absence of a duty owed plaintiff by defendant.

## II. NORTHWEST DESIGN, INC.

Plaintiff brought claims for negligence and strict liability against Northwest Design. The duty and breach of that duty are the same in both negligence and strict products liability claims. (*Phillips*, 163 Ill. App. 3d at 417.) Plaintiff contends that Northwest Design was negligent

because of its failure to warn of the dangers of using the jungle gym and negligent in designing the gym at such a height.

In a product liability cause of action based on ordinary negligence, a plaintiff must show that a defendant owed him a duty of reasonable care and either failed to do something which a reasonably careful person would have done or did something which a reasonably careful person would not have done. (*Sanchez v. Bock Laundry Machine Co.* (1982), 107 Ill. App. 3d 1024, 1028, 438 N.E.2d 569.) The determination of whether a duty to warn exists is a question of law and not of fact. (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 466, 343 N.E.2d 465.) "Generally, a duty to warn exists when there is unequal knowledge and the defendant possessed with such knowledge knows or should know that harm might occur if no warning is given." (*McColgan v. Environmental Control Systems, Inc.* (1991), 212 Ill. App. 3d 696, 700, 571 N.E.2d 815.) However, warnings are not required if the danger involved is obvious and generally appreciated. *McColgan*, 212 Ill. App. 3d 696, 571 N.E.2d 815.

As previously discussed, the fact that one could fall from climbing heights such as the jungle gym was obvious. Plaintiff did not produce evidence which could support a finding that Northwest Design had a duty to warn plaintiff of the danger of playing on the jungle gym.

A manufacturer can be liable for the negligent design of a product that imposes an unreasonable risk of harm upon the user. (*Sanchez*, 107 Ill. App. 3d at 1028.) A manufacturer is under a nondelegable duty to produce a product which is reasonably safe for its intended and reasonably foreseeable uses. *Cornstubble v. Ford Motor Co.* (1988), 178 Ill. App. 3d 20, 24, 532 N.E.2d 884.

Plaintiff failed to provide evidence to show that defendant failed to produce a reasonably safe jungle gym, or that the jungle gym was unreasonably dangerous for its foreseeable and intended users. Plaintiff relies on the fact that he slipped to establish that the jungle gym was unreasonably dangerous. No presumption of negligence arises from the mere happening of an accident. *Rotche v. Buick Motor Co.* (1934), 358 Ill. 507, 516, 193 N.E.2d 529.

To recover in an action for strict liability, a plaintiff must prove (1) that an injury resulted from a condition of the product; (2) that the condition was unreasonably dangerous; and (3) that the condition existed at the time the product left the manufacturer's control. (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 210, 384 N.E.2d 368.) Plaintiff contends that the lack of warnings caused his injury, but his deposition contradicts this claim. In *Dunham v. Vaughan & Bushnell Manufacturing Co.* (1969), 42 Ill. 2d 339, 247 N.E.2d 401, the Illinois Supreme Court defined products

as unreasonably dangerous if they failed to perform in the manner that was reasonably expected in light of their nature and intended function. (*Dunham*, 42 Ill. 2d at 342.) Jungle gyms are recreational equipment to be used as such. In this case, there was no evidence presented to show that it failed to perform its function.

Finally, plaintiff failed to present evidence that the jungle gym was unreasonably dangerous when it left Northwest Design's control. A similar proof problem arose in *Miller v. Verson Allsteel Press Co.* (1984), 126 Ill. App. 3d 935, 467 N.E.2d 983, where the plaintiff in that case was injured while working a punch press. The plaintiff in *Miller* sued the manufacturer to recover for his injuries, but he failed to present any evidence to satisfy his burden of proving that an unreasonably dangerous condition existed when the press left the manufacturer's control. Consequently, the court affirmed summary judgment granted by the trial court.

Plaintiff relies on *Pell v. Victor J. Andrew High School* (1984), 123 Ill. App. 3d 423, 462 N.E.2d 858, to support its contention that defendant should be held strictly liable in tort for manufacturing and selling the jungle gym without warnings and instructions. The plaintiff in *Pell* suffered injuries as a result of somersaulting off a trampoline in gym class and sued the manufacturer on the theory of strict liability. In *Pell* plaintiff alleged that an unreasonably dangerous condition existed because of the defendant's failure to adequately warn of the equipment's propensity to cause severe spinal cord injuries if it was used for somersaulting without a safety device operated by a trained instructor. In affirming the jury verdict, the court determined that there was sufficient evidence from which the jury could conclude that the manufacturer's warnings were ineffective.

The case at bar is distinguishable because the *Pell* case involved an insufficient warning of danger its users might not recognize while this case involves a danger even children recognize. In addition, unlike the plaintiff in *Pell*, the plaintiff in the instant case did not present any evidence to prove that the equipment was unreasonably dangerous.

The trial court properly found that defendants did not owe the alleged duties to plaintiff, that there were no genuine issues as to any material fact and that defendants are entitled to summary judgment as a matter of law.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

HARTMAN, P.J., and DiVITO, J., concur.