ALEXIS LEE DEPRE, Plaintiff-Appellant, v. POWER CLIMBER, INC., Defendant-Appellee and Third-Party Defendant-Appellee (E.W. Corrigan Construction Company *et al.*, Defendants; E.W. Corrigan Construction Company, Third-Party Plaintiff-Appellant; Dover Elevator Company, Third-Party Defendants).

First District (5th Division)   Nos. 1—93—0279, 1—93—0280 cons.

Opinion filed April 29, 1994.—Rehearing denied June 2, 1994.

Powers, Rogers & Smith, of Chicago (Todd A. Smith, David A. Novoselsky, and Margarita T. Kulys, of counsel), for appellant Alexis Lee Depre.

Bresnahan & Garvey, of Chicago (Arthur S. Bresnahan and Jeffery B. Hollander, of counsel), for appellant E.W. Corrigan Construction Co.

Michael Resis and Andrew S. Nadolna, both of Querrey & Harrow, Ltd., of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Alexis Lee Depre, widow of Joseph J. Depre, brought suit against defendant E.W. Corrigan Construction Company, after her husband, an elevator mechanic, fell 49 floors to his death while working at a high-rise building at 401 East Ontario Street in Chicago. E.W. Corrigan Construction Company then filed a third-party complaint for contribution against Power Climber, Inc., the manufacturer and designer of the hoisting motor and stirrup bar used on the "false car" plaintiff had been riding in at the time of his death. (A "false car" is a skeleton elevator car used during the installation of elevators in high-rise buildings.) Plaintiff then filed an amended complaint adding Power Climber, Inc., as a defendant, alleging a strict liability count. Power Climber filed a motion for summary judgment claiming that the hoisting motor and stirrup bar were not unreasonably dangerous and that Power Climber had no duty to warn of any alleged danger. The trial court granted the summary judgment motion and plaintiff appealed. (E.W. Corrigan Construction Company also appealed, but later settled the case and dropped its appeal.)

The sole issue on appeal is whether the trial court erred in determining as a matter of law that Power Climber was not liable for plaintiff's injuries. Plaintiff claims that the stirrup bar was unreasonably dangerous as manufactured and designed by Power Climber since it permits only a single bolt to join the hoisting mechanism and the false car. Plaintiff contends that it was Power Climber's duty to provide some form of redundant connecting device as well as instructions or warnings as to the proper connection of the stirrup bar to the hoisting mechanism and the false car. Plaintiff claims that an issue of fact for the jury was created by the affidavit and deposition testimony of plaintiff's expert, Hubert Hayes, an elevator consultant, who stated that the failure of Power Climber's stirrup bar to provide a redundant connective device rendered the false car unreasonably dangerous. For the following reasons, we find that the trial court properly granted summary judgment in Power Climber's favor.

Summary judgment is appropriate when the pleadings, depositions, and admissions on file, together with the affidavits, if any, present no genuine issue of material fact and the moving parties are entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) The appellate court reviews the trial court's grant of summary judgment *de novo*.

■ To recover against a manufacturer under strict liability, a plaintiff must prove that his injury resulted from an unreasonably dangerous condition of the product that existed at the time the prod-

uct left the manufacturer's control. (*Dunham v. Vaughn & Bushnell Manufacturing Co.* (1969), 42 Ill. 2d 339, 247 N.E.2d 401.) A product is unreasonably dangerous when it fails to perform in a manner reasonably to be expected in light of its nature and intended function. (*Walker v. Maxwell City, Inc.* (1983), 117 Ill. App. 3d 571, 453 N.E.2d 917.) The fact that an injury occurred does not in and of itself prove that a product is defective. (*Kokoyachuk v. Aeroquip Corp.* (1988), 172 Ill. App. 3d 432, 526 N.E.2d 607.) Rather, the plaintiff must show that his injuries derived from a distinct defect in the product which subjects those exposed to the product to an unreasonable risk of harm. (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368.) Because the manufacturer of a component part has no control over that part once it is sold and no control over its use in the final assembly of a machine, a component part manufacturer is not obligated to anticipate how a nondangerous product may become unreasonably dangerous as used in the final assembly. (*Loos v. American Energy Savers, Inc.* (1988), 168 Ill. App. 3d 558, 522 N.E.2d 841.) Although the manufacturer of a component part may be held liable under strict liability, such a manufacturer will not be held liable if the injury resulted from a dangerous condition created by the party who created the final product. *Woods v. Graham Engineering Corp.* (1989), 183 Ill. App. 3d 337, 539 N.E.2d 316.

We find persuasive the decision in *Curry v. Louis Allis Co.* (1981), 100 Ill. App. 3d 910, 427 N.E.2d 254, wherein the plaintiff was injured when an improperly installed motor fell off a drop hammer and sued the manufacturer of the motor. The motor was a general purpose drive motor used in many applications such as pumps, machine tools, compressors and refrigeration units.

The court in *Curry* affirmed the trial court's order granting summary judgment in favor of defendant, stating that plaintiff produced no evidence to show that the product was defective when it left the manufacturer's or distributor's control or that, if it was, the defect rather than the improper installation caused the accident and resulting injury.

The plaintiff in *Curry*, like the plaintiff in the instant case, relied upon the cases *Rios v. Niagara Machine & Tool Works* (1974), 59 Ill. 2d 79, 319 N.E.2d 232, and *Derrick v. Yoder Co.* (1980), 88 Ill. App. 3d 864, 410 N.E.2d 1030, in arguing that Power Climber had a nondelegable duty to install a safety device into its product. The court in *Curry* distinguished those cases, stating:

"*Rios, Derrick* and the other Illinois cases finding a nondelegable duty to install safety devices where the machine is unifunctional all involved suits against the manufacturer of the final product,

that is the assembler. It is within the power of the assembler to install a safety device on a machine. But the manufacturer of a component part has \*\*\* no control over the final assembly of the machine. Thus, it would be absurd to hold the maker of some component \*\*\* liable because the assembler did not put safety guards on it. As stated in *Jordan v. Whiting Corp.* (1973), 49 Mich. App. 481, 486, 212 N.W.2d 324, 328, *modified* (1976), 396 Mich. 145, 240 N.W.2d 468:

> 'The obligation that generates the duty to avoid injury to another which is reasonably foreseeable does not \*\*\* extend to the anticipation of how manufactured components not in and of themselves dangerous or defective can become potentially dangerous dependent upon the nature of their integration into a unit designed, assembled, installed, and sold by another.' " *Curry*, 100 Ill. App. 3d at 915-16, 427 N.E.2d at 258.

See *Sparacino v. Andover Controls Corp.* (1992), 227 Ill. App. 3d 980, 592 N.E.2d 431 (summary judgment in favor of component part manufacturer was properly granted where manufacturer was never provided with written specifications regarding the installation or use of its product and, in fact, the component was user programmable); *Kokoyachuk*, 172 Ill. App. 3d 432, 526 N.E.2d 607 (summary judgment properly entered in favor of the component part manufacturer since there was no indication that the component part manufacturer had any authority to instruct the manufacturer of the final product as to its assembly).

Similarly, plaintiff in the instant case presented no evidence indicating that the stirrup bar was defective or unreasonably dangerous when it left Power Climber's control or that it was a defect, rather than the improper installation, that caused the accident. There is no evidence to suggest that Power Climber's stirrup bar failed, and in fact, the bolt used in the stirrup bar was never recovered after the accident.

Power Climber was not provided with specifications from the purchaser of its product as to the design of the stirrup bar. Rather, Power Climber designed a standard stirrup bar which allowed for attachment to a variety of mechanisms, including scaffolding, bosun's chairs and false cars. Plaintiff's expert merely opined that the stirrup bar was unreasonably dangerous because one bolt was insufficient to hold the false car. The expert's opinion creates no issue of fact since it is undisputed that Power Climber's stirrup bar contained two bolt holes and that it was left to the assembler of the final product to determine whether to use one or two of the bolt holes.

■ The final product in this case was the false car, which was

120

designed by Dover Elevator Company. Dover Elevator Company purchased the motor and stirrup bar from Power Climber, purchased the other component parts necessary for a finished false car from other manufacturers and assembled the false car. By virtue of Dover Elevator Company's design of the false car, Dover could only utilize one of the two bolt holes provided by Power Climber's stirrup bar. Power Climber had no control over how Dover Elevator Company installed the stirrup bar, nor was Power Climber responsible for the fact that the false car was not designed to take advantage of the redundant system that had been provided by Power Climber.

We likewise find that Power Climber had no duty to warn of any alleged danger, since it was Dover Elevator Company that purchased the various component parts, installed them and tested the final product to determine its safety. Power Climber could not anticipate or control whether its component part would present a danger as assembled into a finished product. See *Sparacino*, 227 Ill. App. 3d 980, 592 N.E.2d 431; *Curry*, 100 Ill. App. 3d 910, 427 N.E.2d 254.

Accordingly, for the reasons set forth above, we affirm the trial court order granting summary judgment in favor of defendant Power Climber.

Affirmed.

GORDON and COUSINS, JJ., concur.