(No. 92-CC-2057-)

AARON T. OLIN, a minor, and DAVID A. and KIMBERLY OLIN, his parents, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 13, 1993.*

*Order filed April 5, 1996.*

BARASH, STOERZBACH & HENSON (RICHARD A. DAHL, of counsel), for Claimants.

JIM RYAN, Attorney General (ALIX ARMSTEAD, Assistant Attorney General, of counsel), for Respondent.

## ORDER

SOMMER, C.J.

This cause comes to be heard on the Respondent's first motion to dismiss, the motion of the Claimant to file a first amended complaint, and the Respondent's second motion to dismiss directed toward the first amended complaint, the parties having argued this matter in oral argument before the Court on February 18, 1993, and this Court being fully advised, finds:

1. That the injured party, an 11-year-old child, fell from a hand trolley device erected in Argyle Lake State Park by State employees.

2. That the statute addressing the situation is the *Recreational Use of Land and Waters Act*, 745 ILCS section 65/1, formerly Ill. Rev. Stat. ch. 70, section 331.

3. That section 65/3 of said Act states "Except as specifically recognized or provided in section 6 of this Act, an owner of land owes no duty of

care to keep the premises safe for entry or use by any person for recreational or conservation purposes * * *."

4. That section 65/6 of said Act states in part as follows: "Nothing in this Act limits in any way any liability which otherwise exists:

(a) For willful and wanton failure to guard or warn against a dangerous condition, use, structure, or activity."

5. That in the case of *Cozzi v. North Palos Elementary School District* (1992), 597 N.E.2d 685, the First District Appellate Court held that willful and wanton conduct can only be established once there is a finding of a duty.

6. That in *Cozzi*, the Court determined that whether there was a duty depended upon whether a child could appreciate the risk involved in the particular playground apparatus.

7. That if there is a finding of a duty owed the injured party, there must be an additional finding that the conduct of the State, through its agents, was willful and wanton.

8. That the trolley device was unique and not a normal piece of playground equipment.

9. That whether an 11-year-old child could appreciate the risk is a question of fact concerning the device.

10. That whether the State's conduct was willful and wanton is a question not necessarily of intentional harm but can be one of reckless disregard of substantial danger or consequences; and such, though a difficult standard to meet, is a question of fact.

11. That the Claimant has stated such facts concerning prior injuries, that it may be possible for the Claimant to prove willful and wanton conduct.

It is therefore, ordered that the Respondent's motions to dismiss are denied and the Claimant's motion for leave to file the amended complaint is granted; and the amended complaint is deemed filed.

### ORDER

SOMMER, C.J.

This cause coming to be heard on the parties joint stipulation of dismissal and settlement therein, due notice having been given, and this Court being fully advised, finds that the parties having agreed to settle this claim for personal injuries for $25,000, and that this Court desiring to encourage the amicable settlement of disputes, does hereby order that the proposed joint stipulation of dismissal is approved; and that the Claimants are awarded $25,000 in full and complete satisfaction of this claim; and that this claim is dismissed with prejudice.